here was convicted of eight separate offenses. During the hearing on probation he conceded that he had in fact worked on fifteen or twenty cars; his activities were not, as the trial judge noted, "a one-time affair", but were spread over a period of seven months and were terminated only by his apprehension. The sentences imposed to run concurrently are within the statutory limits, they afford an adequate spread between minimum and maximum. Whether we would have imposed a lesser sentence is not the question. The majority of this court feels that we cannot, within the guidelines of *People v. Taylor*, 33 Ill.2d 417, 424, 211 N.E.2d 673, hold that the sentences here imposed are clearly a departure from the fundamental law, its spirit and purpose or disproportionate to the nature of the offenses committed.

Judgments affirmed.

CRAVEN, P. J., and TRAPP, J., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICKIE SEYMOUR *et al.*, Defendants-Appellants.

(No. 11746;

Fourth District—December 6, 1972.

Opinion by Mr. JUSTICE SMITH.

John F. McNichols, of Defender Project, of Springfield, (J. Daniel Stewart, of counsel,) for appellants.

No appearance for the People.