THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
LOUIS S. PARTIN, Defendant-Appellant.

Fourth District    No. 13199

Opinion filed February 10, 1977.

Richard J. Wilson and Barbara A. Chasnoff, both of State Appellate Defender's Office, of Springfield, for appellant.

C. Joseph Cavanagh, State's Attorney, of Springfield (Stuart Shiffman, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

Defendant Louis Partin pleaded guilty to the offense of attempt (armed robbery) and was sentenced in 1971 to a term of 2 to 14 years' imprisonment. A murder indictment was dismissed. His appeal from that conviction was affirmed pursuant to *Anders v. California* (1967), 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396, after the appellate defender moved to withdraw as counsel on appeal. Defendant was given 60 days to file further suggestions but alleged errors raised in letters written by him and co-defendant Rickie Seymour were not supported by the record. We affirmed defendant's conviction (8 Ill. App. 3d 745, 291 N.E.2d 256) after finding substantial compliance with Supreme Court Rule 402 (Ill. Rev. Stat. 1973, ch. 110A, par. 402) and that the guilty plea was knowingly, voluntarily and freely made.

Defendant then filed a post-conviction petition which was dismissed on the State's motion on July 27, 1973. Defendant was granted leave to amend his petition and thereafter filed amended (August 14, 1973) and second amended (January 17, 1974) petitions for post-conviction relief. The State stood on its motion to dismiss and defendant did not file any supporting affidavits or supporting evidence. The State urged that defendant's petition be dismissed for three reasons: that the guilty plea waived all issues save jurisdiction; that affirmance on direct appeal was res judicata; and that defendant's allegations were unsupported by the evidence or other affidavits. The State's motion to dismiss the post-conviction petition was granted but the court gave no reasons for its decision. Thus, we must decide if its decision was correct on any grounds.

■■ First, the State's argument that a guilty plea waives all constitutional issues for purposes of post-conviction relief is erroneous. If it were true, there could never be a successful post-conviction attack on a guilty plea. As we know, they occasionally are successful. *People v. Williams* (1970), 47 Ill. 2d 1, 264 N.E.2d 697; *People v. Wilson* (1968), 39 Ill. 2d 275, 235 N.E.2d 561.

Second, with respect to the res judicata problem, it is the general principle that direct appeal of a conviction is res judicata as to all issues which were or could have been raised therein. The appeal is res judicata as to all issues actually litigated while all other issues which could have been raised are deemed waived. (*People v. Johnson* (1976), 37 Ill. App. 3d 328, 345 N.E.2d 531; *People v. Adams* (1972), 52 Ill. 2d 224, 287 N.E.2d 695.) Nevertheless, this strict rule of waiver is relaxed in certain instances where fundamental fairness so requires. *People v. Hamby* (1965), 32 Ill. 2d 291, 205 N.E.2d 456.

Hence, we must decide if the constitutional issues defendant now asserts in his post-conviction petition were ones which were or could have been raised on direct appeal or if, in any case, fundamental fairness requires that he be allowed to raise them in his post-conviction petition.

While defendant makes numerous allegations in his petition, the only ground of constitutional error urged on appeal relates to defendant's claim that his attorney at trial, Donald Frey, advised him to plead "technically guilty," and even though defendant was innocent, such would be an incompetent plea. Defendant argues that his plea was rendered involuntary because he was denied effective assistance of counsel based on Mr. Frey's advice which was a gross misstatement of the law. Defendant's sworn post-conviction petition was corroborated by the record which shows that Mr. Frey did say the following:

> "MR. FREY: I am prepared, your Honor, to state for the record that after a consultation with the State's Attorney my clients are prepared to plea [sic] technically guilty."

If, in fact, Mr. Frey did influence defendant to plead "technically guilty" based on some misconception of the consequences or legal effect of such a plea, then defendant's guilty plea would be rendered involuntary.

■■ The purpose of a post-conviction proceeding is to inquire into the constitutional phases of the original conviction which have not already been reviewed (*People v. Ashley* (1966), 34 Ill. 2d 402, 216 N.E.2d 126), and the pleadings serve to determine whether the petitioner is entitled to a hearing. (*People v. Airmers* (1966), 34 Ill. 2d 222, 215 N.E.2d 225.) While the act contemplates the dismissal of nonmeritorious petitions (*People v. Morris* (1969), 43 Ill. 2d 124, 251 N.E.2d 202), it is also true that where an allegation of substantial constitutional denial is based on facts beyond the record, it is contemplated that evidence should be taken. (*People v. Sigafus* (1968), 39 Ill. 2d 68, 233 N.E.2d 386.) The Illinois Supreme Court has held that a post-conviction petitioner is entitled to an evidentiary hearing in the case where he alleges that his attorney promised him he would receive a lighter sentence than that imposed. *Williams.*

■■ Certainly defendant's sworn allegation that his attorney advised him to plead "technically guilty" depends on facts not in the record. For that reason, this particular issue could not have been adjudicated on direct appeal and could only have been resolved in a post-conviction proceeding. This being the case, we do not feel that the doctrines of waiver or res judicata should prevent defendant from raising this issue in his post-conviction petition.

Next, we must determine whether defendant's post-conviction petition, as amended, was sufficient to withstand the State's motion to dismiss. The trial court ruled it was not and dismissed the petition without stating its reasons. Having determined that neither the guilty plea itself, nor the consequence of direct appeal waives this issue for post-conviction purposes, we must consider the defendant's failure to attach affidavits.

The Post-Conviction Hearing Act requires that the petition "shall have attached thereto affidavits, records, or other evidence supporting its

allegations or shall state why the same are not attached." Ill. Rev. Stat. 1973, ch. 38, par. 122—2.

The State contends that without supporting affidavits or an explanation for their absence, defendant's sworn petition is insufficient to require an evidentiary hearing. They further contend that defendant has failed to make a "substantial showing" of in what respect his constitutional rights were violated. Defendant, of course, disagrees, citing *Williams* for the proposition that where a defendant alleges incompetence of counsel based on statements made which are not in the record, without supporting affidavits, he is entitled to an evidentiary hearing. In *Williams*, defendant pleaded guilty to two armed robbery indictments and was sentenced to 3 to 7 years on each to be served concurrently. Later, defendant filed a pro se post-conviction petition which was dismissed without a hearing. The petition had alleged that defendant's constitutional rights were violated because he was induced to plead guilty by misrepresentations of his attorney. Allegedly, this attorney told defendant that the State would agree to a 6-month to 1-year sentence instead of 40 to 80 years in the penitentiary if the case went to trial, and, even if defendant received a 3- to 7-year sentence, the court would call him back and give him 1 year in the county jail. These sworn allegations by defendant were unsupported by other affidavits. The supreme court rejected the State's argument for dismissal due to the lack of supporting affidavits saying that:

> "[T]he only affidavit that petitioner could possibly have furnished, other than his own * * * , would have been that of his attorney who allegedly made the misrepresentation to him. The difficulty or impossibility of obtaining such an affidavit is self-apparent." (47 Ill. 2d 1, 4, 264 N.E.2d 797, 698.)

Moreover, the court explained that defendant's sworn statements warrant an inference that his constitutional rights were violated and were "not negated by the State nor by the record, * * * an evidentiary hearing is required to determine the truth or falsity of petitioner's allegations." 47 Ill. 2d 1, 5, 264 N.E.2d 697, 699.

■■ Here, defendant's allegation that his attorney advised him to plead "technically guilty" is not refuted by the State whose motion to dismiss merely tests the sufficiency of defendant's allegations in light of the lack of supporting affidavits. This is precisely the issue which was addressed in *Williams*. We feel that Mr. Frey's use of the term "technically guilty," which clearly appears in the record, along with defendant's sworn allegation that his plea was a result of Mr. Frey's erroneous advice is enough to require an evidentiary hearing under the Post-Conviction Hearing Act. Defendant's allegations have raised an issue of fact and an evidentiary hearing is required to determine the truth or falsity of defendant's allegations.

For the reasons stated, we hold that the circuit court of Sangamon County improperly allowed the motion to dismiss and the judgment of said court is reversed and the cause remanded with directions to overrule the motion and proceed to a hearing on the issues presented.

Reversed and remanded with directions.

GREEN, J., concurs.

Mr. JUSTICE MILLS, dissenting:

I cannot agree with the majority and I dissent for two reasons: the petition did not comply with the procedural requirements of the act, and the voluntariness of his plea as affirmed on appeal by this court is *res judicata*.

This was a negotiated plea agreement wherein the State agreed to dismiss a murder charge in exchange for the defendant's plea of guilty to attempt (armed robbery). There was no agreement as to a recommendation of sentence, and after a sentencing hearing, Partin was sentenced to 2—14 years. As we said in affirming the conviction here (*People v. Seymour* (1972), 8 Ill. App. 3d 745, 291 N.E.2d 256), "The record shows full compliance by the trial court with Supreme Court Rule 402 and with the finding of the court that both the plea of guilty and the plea negotitation were knowingly, voluntarily and freely made."

To now allow defendant another bite of the same apple—contesting the voluntariness of his plea—seems to me to do nothing more than further delay the judicial system from its mandated duty to administer substantial justice.

Procedurally, the Post-conviction Hearing Act (Ill. Rev. Stat. 1973, ch. 38, par. 122—2) requires that "The petition shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." In the case before us Partin had no supporting "affidavits, records, or other evidence" attached to his petition, nor did he explain "why the same are not attached." His codefendant, Seymour, was present when their self-employed trial counsel voiced "technically guilty" in open court at the time of the plea, yet Seymour's affidavit is not attached to the petition, nor does Partin explain why it isn't. Partin had already had his first post-conviction petition dismissed, was granted leave to amend, and thereafter filed an amended and a second amended petition for post-conviction relief.

The majority's position is grounded solely on *Williams*. A feeble foundation at best. It is simply not controlling in this case and is easily distinguished. There, Williams apparently had no other source for an affidavit other than himself. But here, Partin had a codefendant (Seymour). There, Williams alleged that his counsel made misrep-

resentations as to what the sentence would be. Here, counsel stated to the court that his clients are "prepared to plea [*sic*] technically guilty." Certainly, telling a defendant that he will receive a lighter sentence than he in fact receives is a far cry from telling him to plead "technically guilty" in order to render the plea incompetent. What does that mean? More importantly, what did the defendant understand it to mean? He does not say in his petition, nor does he allege how he was misled, or how his rights were prejudiced.

But most importantly, a full reading of the record of the negotiated plea leaves no doubt in this member's mind that this matter was finalized when this case was affirmed on appeal. Here is the way the scenario reads:

> "MR. FREY: I am prepared, your Honor, to state for the record that after a consultation with the State's Attorney my clients are prepared to plea [*sic*] technically guilty.
>
> MR. SEYMOUR: Hold it. I'm not pleading technically guilty to nothing. I'm not guilty of nothing, and I'm not pleading guilty of nothing.
>
>               \*   \*   \*
>
> [Mr. Seymour requests to go to the hospital and this point is discussed by Mr. Frey and the court.]
>
>               \*   \*   \*
>
> THE COURT: All right. Now, gentlemen, let's just make sure that we've got everything squared for the record. Before I can accept the plea of guilty, which I gather what you're talking about is Count IV which is the offense of attempt—.
>
> MR. FREY: That's right.
>
> THE COURT: —the defendants have to be admonished concerning their rights, Mr. Frey, and indicate a willingness to enter a plea of guilty to Count IV.
>
> MR. FREY: To Count IV.
>
> THE COURT: All right. Now, is this what Mr. Seymour and Mr. Partin want to do?
>
> MR. FREY: This is what Mr. Partin clearly wants to do.  \*   \*   \*
>
> THE COURT: Now, Mr. Partin, is that what you want to do?
>
> MR. PARTIN: Right.
>
> THE COURT: Enter a plea of guilty to Count IV?
>
> MR. PARTIN: Right."

The trial judge then proceeded to thoroughly comply with Rule 402, during which this occurred:

> "THE COURT: Have any promises of any kind or nature been made to you or any threats been made to you by the State's Attorney, your attorney or by any other person or persons to induce you to make your motion to withdraw your plea of not guilty and to enter a plea of guilty?

MR. PARTIN: No, Your Honor."

And all of this took place *after* Partin's lawyer uttered the alleged tainting remark. If there ever existed any doubt in Partin's mind because of the phrase "technically guilty", it was certainly disspelled by this colloquy. Partin's plea of guilty was unequivocal, with no reservation. This same record was before this court before—and the conviction was affirmed, the very issue of voluntariness inherently ruled upon. And I believe our prior affirmance is *res judicata* to the sole issue posed in this case, in full keeping with the Illinois Supreme Court's holding in *People v. James* (1970), 46 Ill. 2d 71, 74, 263 N.E.2d 5, 7:

> "We have heretofore consistently held that where a convicted person has appealed from the judgment of conviction, the judgment of the reviewing court makes *res judicata* all issues actually decided by that court and all issues which could have been presented to that court and which were not are considered to have been waived."

The defendant has had his day in court, plus two appeals. And all on a negotiated plea of guilty which involved the very question of voluntariness as raised here. This case should have ended upon the taking of the plea and, to my view, was finalized upon our earlier affirmance.

The trial court should be affirmed.