THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CARRIE JEAN HERAL, Defendant-Appellant.

Second District   No. 76-283

Opinion filed November 16, 1977.

Ralph Ruebner, Adam Lutynski, and Michael Mulder, all of State Appellate Defender's Office, of Elgin, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (Charles D. Sheehy, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE RECHENMACHER delivered the opinion of the court:

The defendant appeals from the trial court's denial of her petition for

post-conviction relief. The issue presented is whether the failure of either her counsel or the prosecutor to inform the trial court of the fact that the defendant had attempted suicide less than 72 hours prior to the hearing at which she entered her plea of guilty to the offense of murder, mandates that her conviction be vacated and a competency hearing held.

In August of 1972, the defendant was charged by indictment with the murder of a 14-month-old child. On September 7, 1972, a competency hearing was held before a jury. The evidence adduced at the hearing established that the defendant had attempted suicide on six or eight occasions, including two attempts while incarcerated, prior to the competency hearing. The trial court appointed two psychiatrists, Doctors Graybill and Hamman, who both expressed the opinion that the defendant had a suicidal preoccupation. Dr. Graybill nonetheless stated that the defendant was able to associate logically and concluded that in spite of her deep depression, the defendant understood the nature of the charges against her and was not only able, but willing and anxious to cooperate with her attorney in her own defense. Dr. Hamman testified that while defendant suffered from a "mood disorder," exemplified by her suicide attempts, she did not suffer from a "thought disorder." He stated that a "thought disorder," unlike a "mood disorder," affects the ability of the person to think clearly. While conceding that when a person attempts suicide the probability of mental illness is always to be suspected, Dr. Hamman was also of the opinion that the defendant was competent to stand trial. At the conclusion of the hearing the jury found the defendant competent to stand trial.

On December 4, 1972, while in custody, the defendant attempted suicide by cutting herself with a piece of broken glass. Thirty-six stitches were required to close the wounds. Both her counsel and the prosecutor were informed of her suicide attempt. Less than 72 hours later, on December 7, the defendant entered a plea of guilty to the indictment for murder. The trial court was not informed of the fact that the defendant had attempted to commit suicide on December 4. Additional reports by Doctors Hamman and Graybill, dated December 4, 1972, and November 7, 1972, were introduced into evidence at the December 7 hearing.

After considering the evidence, the trial court accepted the defendant's plea and the defendant was sentenced to fourteen to twenty years in prison. The defendant appealed, raising the issue of her competence to enter her guilty plea and the trial court's compliance with Supreme Court Rule 402, but not raising the matter of her suicide attempt of December 4. This court affirmed her conviction and sentence (*People v. Heral* (1975), 25 Ill. App. 3d 806), and that judgment was affirmed by the Supreme Court of Illinois (*People v. Heral* (1976), 62 Ill. 2d 329). The instant post-conviction petition was filed while the defendant's petition for leave to

appeal was pending before the Supreme Court of Illinois. The petition alleged that "because of a combination of depression, blood loss and physical weakness associated with the December 4, 1972, suicide attempt; undernourishment and petitioner's psychological history, she was physically and psychologically unable to make a reasoned choice among the alternatives presented * * * and to knowingly, intelligently and understandingly waive her constitutional rights * * *."

There was no evidentiary hearing on the post-conviction hearing. Instead, the State stipulated to the relevant facts alleged in the petition and set forth in a supporting affidavit: that defendant attempted suicide within 72 hours of entering her plea, and that the prosecutor and defense counsel failed to disclose this suicide attempt to the court. The matter was heard by the same trial judge who presided at the competency hearing on September 7, 1972, and accepted the defendant's guilty plea on December 7, 1972. After arguments by counsel the trial court indicated that in view of "the unique history of this case," and the defendant's background, he would not have ordered a new competency hearing, even had he been informed of the December 4 suicide attempt. He, therefore, denied the petition.

■■ The defendant contends that her attorney's failure to advise the court of her December 4 suicide attempt denied her the right to the effective assistance of counsel, and that the prosecutor's failure to so inform the court denied her due process of law. It is clear that the defendant had the burden of proving that she had been denied her constitutional rights. *People v. Harris* (1973), 55 Ill. 2d 15, 18.

■■ ■ At the outset, we find the defendant's contention that the prosecutor's failure to inform the trial court of defendant's suicide attempt denied her due process of law to be without merit. *Brady v. Maryland* (1963), 373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194, cited by defendant, has no application to this case since in *Brady* the prosecutor withheld information from defense counsel, whereas here defense counsel was as fully aware of the suicide attempt as the prosecutor. Further, even in cases where the prosecutor has violated a duty of disclosure, a new trial or hearing may be ordered only upon a showing that there is a significant chance that the nondisclosed item, developed by skillful counsel could have caused the court or jury to reach a different result. *People v. Owens* (1976), 36 Ill. App. 3d 1049, 1056, *cert. denied* (1977), 430 U.S. 955, 51 L. Ed. 2d 562, 97 S. Ct. 1143.

■■ Similarly, to establish a denial of the right to counsel by reason of incompetency of counsel, a defendant must show not only that his attorney was not competent, but also that substantial prejudice resulted. (*People v. Witherspoon* (1973), 55 Ill. 2d 18, 21.) Thus, both of the defendant's constitutional arguments fail unless the defendant is able to

demonstrate a reasonable probability that the trial judge would have acted differently had he been informed of the December 4 suicide attempt at the time of the hearing on December 7.

There was, of course, no testimony that the defendant's attempted suicide on December 4, 1972, rendered her incompetent to enter a guilty plea, since the defendant elected not to call any witnesses at the hearing on her post-conviction petition. Rather, the defendant contends that a further psychiatric examination would have been mandated, as a matter of law, had the trial court known of the December 4 suicide attempt. The defendant has cited *Drope v. Missouri* (1975), 420 U.S. 162, 43 L. Ed. 2d 103, 95 S. Ct. 896, and *Evans v. Kropp* (E. D. Mich. 1966), 254 F. Supp. 218, as authority for this contention. However, neither case is controlling. *Evans* involved a district court's ruling that a State court conviction did not comport with the requirements of due process, in view of the failure of either defense counsel or the State to discuss the fact that a psychiatrist, who had treated the defendant after he attempted suicide while in custody on a murder charge, had expressed the opinion that the defendant was not competent to stand trial. The existence of such an opinion was precisely what was lacking here. In *Drope*, defense counsel moved that the defendant's trial be continued so that the defendant could undergo psychiatric examination. A psychiatrist's report was appended to the motion; the report concluded with a diagnosis that the defendant suffered from a "sociopathic personality disorder," "sexual perversion," "borderline mental deficiency," and "chronic anxiety reaction with depression." The motion was not granted. Testimony on the first day of the trial tended to confirm this psychiatric evaluation. On the second day, the defendant failed to appear and defense counsel informed the court that the defendant "shot himself this morning" (420 U.S. 162, 166, 43 L. Ed. 2d 103, 110, 95 S. Ct. 896, 901), and moved for a mistrial. The court denied the motion and the trial continued. The Supreme Court held that defendant's right to due process was violated and that the trial should have been suspended so that a psychiatric evaluation of defendant's competence could be made. Although the court stated that the defendant's attempted suicide "suggests a rather substantial degree of mental instability contemporaneous with the trial," the court explicitly avoided passing upon the question of whether a suicide attempt creates a reasonable doubt of competence as a matter of law, since "petitioner's attempt to commit suicide 'did not stand alone'." (420 U.S. 162, 180, 43 L. Ed. 2d 103, 118, 95 S. Ct. 896, 908.) A critical factor in the Supreme Court's decision was the defendant's absence from the trial (420 U.S. 162, 181, 43 L. Ed. 2d 103, 118, 95 S. Ct. 896, 908), a factor to which there is no parallel in the instant case. Thus, both *Evans* and *Drope* are distinguishable on their facts, and neither case will support the

proposition that the trial court would have been required, as a matter of law, to order a further psychological examination had it known of the defendant's December 4 suicide attempt on December 7. It is apparent that while an attempted suicide may indicate a possibility of mental disorder, the fact of such an attempt will not always suffice of itself to establish a probability that the defendant is unable to comprehend his position, understand the nature and object of the proceedings against him, or cooperate with his counsel in his own defense. See *People v. Heral* (1976), 62 Ill. 2d 329, 336.

■■ Turning to the facts of this case, it becomes apparent that the defendant failed to meet her burden of showing a reasonable probability that the disclosure of her December 4 suicide attempt on December 7, would have affected the actions of the trial judge or the outcome of the case. The trial judge's expressed belief that he would not have ordered a new psychological evaluation or competency hearing had he known of the defendant's most recent suicide attempt when she entered her plea, while not conclusive of the issue, is an important factor weighing against the defendant's position. Further, the trial judge's view that the December 4 suicide attempt would not have justified a further inquiry into the defendant's competence, was amply supported by the record. The defendant had made numerous prior attempts to take her own life, including two attempts while in custody on the murder charge, and these had been considered by the psychiatrists who testified at the competency hearing and submitted supplemental reports prior to sentencing. In spite of their finding that the defendant was a "potential suicide," both psychiatrists expressed the belief that the defendant was competent to stand trial. There was never any indication that the defendant's subsequent suicide attempt (the possibility of which had been implicitly anticipated by both psychiatrists), was different in any respect or of more significance than defendant's prior attempts. The only difference between the defendant's action on December 4 and her prior attempts to take her life which her counsel has been able to cite is the proximity in time between the last suicide attempt and the entry of the guilty plea. However, in the absence of any evidence whatsoever that the defendant's most recent attempt altered her ability to understand the proceeding or to cooperate with counsel, we cannot hold that it would have been necessary for the trial court, which had the opportunity to view the defendant firsthand on December 7, to order a further psychiatric evaluation prior to accepting the defendant's guilty plea, had the court been informed of the December 4 suicide attempt.

■■ The State has candidly conceded that it would have been better practice for the prosecutor and defense counsel to have disclosed the suicide attempt to the trial court, prior to the defendant's entry of her

plea. We agree and feel that counsel should not have taken it upon themselves to be the sole evaluators of the legal and psychiatric materiality of the information in question. (See *Evans v. Kropp* (E.D. Mich. 1966), 254 F. Supp. 218, 222.) However, the defendant, on this record, has failed to meet her burden of showing that the nondisclosure affected the outcome of her case, or constituted an error of constitutional dimensions.

The judgment of the circuit court of Winnebago County is therefore affirmed.

Judgment affirmed.

BOYLE and WOODWARD, JJ., concur.