(No. 49438.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. LOUIS S. PARTIN, Appellee.

*Opinion filed November 30, 1977.*

William J. Scott, Attorney General, and C. Joseph Cavanagh, State's Attorney, both of Springfield (Donald B. Mackay, Assistant Attorney General, of Chicago, and Robert C. Perry and Jane F. Bularzik, of the Illinois State's Attorneys Association Prosecutor's Appellate Service, of Springfield, of counsel), for the People.

Richard J. Wilson, Deputy Defender, and Barbara A. Chasnoff, Assistant Defender, of the Office of the State Appellate Defender, of Springfield, for appellee.

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

Defendant, Louis Partin, pleaded guilty in the circuit court of Sangamon County to one count of attempt (armed robbery) as a result of a negotiated plea agreement, pursuant to which the State dismissed a murder charge. The court sentenced defendant to a term of 2 to 14 years' imprisonment, and the Appellate Court for the Fourth District affirmed (*People v. Seymour* (1972), 8 Ill. App. 3d 745). This appeal involves the subsequent proceedings of a post-conviction petition which was dismissed by the trial court without an evidentiary hearing. The appellate court reversed, one member dissenting (45 Ill. App. 3d 668), and we allowed the State's petition for leave to appeal.

Partin, Rickie Seymour, also referred to in the proceedings as Rickie Seymore, and Charles Holmes were indicted for murder and attempted armed robbery. Holmes was tried separately and found guilty. The criminal responsibility of Partin and Seymour depended on an accountability theory. These defendants, for whom the public defender was appointed, retained private counsel who represented them during the proceedings culminating in a negotiated plea of guilty of attempted armed robbery at a May 1971 hearing. In the initial appeal, defense counsel filed an *Anders* brief (*Anders v. California* (1967), 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396) described in the post-conviction petition as indicating "there was no justiciable issue for review and any request for review would be frivolous." The *Anders* motion and brief were served on defendant. The appellate court granted counsel leave to withdraw and gave defendant 60 days in which to file any additional suggestions. The opinion of the appellate court states that letters were received protesting defendant's innocence and referring to matters *dehors* the record or not supported by it. That court then reviewed the record and affirmed the judgment, holding that our

Rule 402 (58 Ill. 2d R. 402) was fully complied with and that the guilty pleas were knowingly, voluntarily and freely made.

Thereafter defendant Partin filed the petition for post-conviction relief with which we are here concerned. On July 27, 1973, the court granted the State's motion to dismiss. An amended petition was filed on August 14 and a second amended petition on January 14, 1974. The only allegation pursued on this appeal is "[t]hat privately-retained counsel for the Petitioner-Defendant advised the Petitioner-Defendant when he entered his plea of guilty, to plead 'technically guilty' to the charge and therefore, even though the Defendant was innocent of the charges, the plea of 'technically guilty' would not be a competent plea." The court again granted the State's motion to dismiss, and the sole issue here is whether the petition was sufficient to require an evidentiary hearing.

The record reflects that the hearing at which defendant originally pleaded guilty commenced with the following statement by defense counsel: "I am prepared, your Honor, to state for the record that after a consultation with the State's Attorney my clients are prepared to plea[d] technically guilty." A lengthy discussion concerning Seymour's desire to plead guilty or not guilty immediately ensued. That discussion is irrelevant here except that at one point the prosecutor stated he could not agree to Partin's guilty plea on the attempted armed robbery charge alone unless Seymour also pleaded guilty; that the only benefit to the State lay in avoiding the time and expense of a trial and that if "we must go to trial, then we want to go to trial on both defendants." Defendant, through counsel, objected to such a consequence and sought to persuade all concerned to accept his guilty plea. Both defendants eventually did withdraw their pleas of not guilty and plead guilty, and both were fully advised as to the rights which were being waived and admonished as to

the possible consequences of that action. Both defendants indicated their understanding of the court's explanation in compliance with Rule 402 and their desire to plead guilty. At no time did Partin ever say he was pleading "technically guilty" as did Seymour, or otherwise equivocate with respect to his plea.

The determination by the appellate court in the original appeal that the plea of guilty was knowingly and voluntarily entered is, of course, *res judicata* as to the issues raised (*People v. James,* (1970), 46 Ill. 2d 71, 74), and those issues which could have been raised but were not are considered waived (*James*), unless fundamental fairness requirements dictate a relaxation of the waiver rule. (*People v. Hamby* (1965), 32 Ill. 2d 291, 294.) A majority of the appellate court was of the opinion that the allegations that defendant's counsel induced him to enter a plea of "technically guilty" by representing that this would be an incompetent plea were sufficient to require the trial court to conduct an evidentiary hearing. In our judgment they quite clearly were not.

While the post-conviction petition does allege that defendant was advised to plead "technically guilty," it neither alleges that defendant did so plead nor has attached to it affidavits or other evidence as expressly required by the Post-Conviction Hearing Act (Ill. Rev. Stat. 1973, ch. 38, par. 122—2). (*People v. Arbuckle,* (1969), 42 Ill. 2d 177; *People v. Ashley* (1966), 34 Ill. 2d 402.) The absence of such affidavits, particularly one from co-defendant Seymour, is significant, for the transcript indicates it was Seymour and not defendant who was originally reluctant to plead guilty in other than a technical sense. Nor does the petition contain any explanation for the absence of supporting affidavits required by the Act. It seems to us that the transcript of the plea proceedings conclusively establishes that Partin entered an ordinary, unequivocal guilty plea as to the legal conse-

quences of which he was quite fully advised by the court.

Finally, there is no indication of any unfulfilled expectations created by the allegedly incorrect legal advice. Defendant's petition did not, and his counsel on appeal could not, explain what benefit he hoped to receive by entering a plea which he alleges his attorney told him was an "incompetent" one. It was suggested that Partin may have desired a trial. But he could have had a trial by pleading not guilty, the court so advised him, and he said he understood he was waiving this right. Moreover, that suggestion is contradicted by the record, which shows that defendant's counsel in defendant's presence resisted the State's suggestion, expressed when it appeared Seymour might not plead guilty, that the State preferred to try both Partin and Seymour. It is also suggested that Partin did not realize his plea was legally sound, *i.e.*, that it would be valid. Any intimation, however, that a defendant may knowingly enter a plea which he believes he can later avoid, and then be heard on the subsequent challenge, does not merit our consideration. *People v. Barto* (1976), 63 Ill. 2d 17, 22.

We accordingly conclude that the trial court properly dismissed the amended petition without an evidentiary hearing. *People v. Jones* (1977), 66 Ill. 2d 152, 157; *People v. Harris* (1971), 50 Ill. 2d 31, 33.

The judgment of the appellate court is reversed, and the judgment of the circuit court is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*