THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SAMUEL CAGLE, Defendant-Appellant.

Fifth District    No. 78-35

Opinion filed January 24, 1979.

Michael J. Rosborough and John H. Reid, both of State Appellate Defender's Office, of Mt. Vernon, and Frank Hoffman, Research Assistant, for appellant.

Clyde L. Kuehn, State's Attorney, of Belleville (Raymond F. Buckley, Jr., and Stephen J. Maassen, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE KUNCE delivered the opinion of the court:

This is an appeal from the denial without an evidentiary hearing of the petition for post-conviction relief of defendant-appellant Samuel Cagle.

Cagle was indicted for murder on July 18, 1969. On September 9, 1969, he entered a plea of guilty. On October 6, 1969, he was sentenced to a term of imprisonment of 50 to 100 years by Judge Harold Farmer in the Circuit Court of St. Clair County.

The trial court's inquiry into the factual basis for the plea of guilty was, in its totality, as follows:

"THE COURT: Now, Mr. Cagle, is it true you did shoot a man?
THE DEFENDANT: Yes.
THE COURT: You did kill him; is that true?
THE DEFENDANT: Yes.
THE COURT: Has he talked to you about this matter?
MRS. WILSON [Defendant's mother]: Yes.
THE COURT: Has he told you that he killed a man?
MRS. WILSON: Yes, he told me this morning.
THE COURT: He told you this morning that he killed the man. Alright, the court will accept your plea of guilty. * * *"

In April 1972, the defendant filed in the trial court a pro se motion for leave to file late notice of appeal. No disposition of that motion appears of record.

On June 20, 1972, he filed a pro se petition for post-conviction relief. On July 5, 1972, Hillary H. Hallett was appointed to represent the defendant in the post-conviction proceeding. Because of what the court below properly referred to as Hallett's completely irresponsible and reprehensible failure and neglect to attend to this case, no hearing was

had on Cagle's allegations of constitutional deprivations until November 18, 1977, more than five years after the filing of his petition.

Finally, on September 17, 1977, new counsel was appointed. The amended petition prepared with the assistance of new counsel alleged, among other things, that the defendant had not been advised of the charges against him, nor of the elements of the offense of murder, nor of the various offenses other than murder that could be involved.

On November 18, 1977, the cause came on to be heard before Judge John J. Hoban on the amended petition and the State's motion to dismiss. No evidence was taken. On November 30, 1977, the court entered an order denying the amended petition.

■■ Although issues relating to the merits of the case are raised here, we feel that the real issue is whether or not the court below erred in denying the amended petition without an evidentiary hearing. If the allegations of the petition warrant a fair inference of a violation of constitutional rights—such as an involuntarily made plea of guilty—which are not negated by the State or by the record, an evidentiary hearing is required to determine the truth or falsity of the allegations. *People v. Williams* (1970), 47 Ill. 2d 1, 264 N.E.2d 697; *People v. Partin* (4th Dist. 1977), 45 Ill. App. 3d 668, 359 N.E.2d 1209.

■■ Here, in light of all the circumstances—the indications in the record of the defendant's limited intelligence, the almost total failure of the original trial judge to inquire into the circumstances of the offense, the absence from the record of evidence as to what admonishments defendant's original appointed counsel gave him before the entry of his plea—we think that an evidentiary hearing should have been held to determine the truth or falsity of the defendant's allegations.

We therefore reverse the judgment of the Circuit Court of St. Clair County and remand this cause with directions to overrule the State's motion to dismiss and proceed to a hearing.

Reversed and remanded with directions.

KARNS and JONES, JJ., concur.