THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GENE LOVITZ, Defendant-Appellant.

Second District    No. 80-307

Opinion filed November 19, 1981.

Mary Robinson and Josette Skelnik, both of State Appellate Defender's Office, of Elgin, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Phyllis J. Perko and Marshall Stevens, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE NASH delivered the opinion of the court:

Defendant, Gene Lovitz, appeals from an order of the circuit court of Du Page County which dismissed his petition filed under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1979, ch. 38, par. 122—1 *et seq.*) without an evidentiary hearing. After a jury trial in April 1974, defendant was convicted of the murder of his wife, Donna Lovitz, and was sentenced to a term of 14 to 45 years' imprisonment. On direct appeal, this court affirmed that conviction (*People v. Lovitz* (1976), 39 Ill. App. 3d 624, 350 N.E.2d 276); the Illinois Supreme Court denied leave to appeal (64 Ill. 2d 597) and the United States Supreme Court denied *certiorari* (*Lovitz v. Illinois* (1977), 434 U.S. 842, 54 L. Ed. 2d 107, 98 S. Ct. 141).

Defendant was represented by privately retained counsel, attorney Wayne B. Giampietro, in both his trial and on direct appeal. The public defender of Du Page County represented defendant in these post-conviction proceedings in the trial court, and the State Appellate defender is his counsel on this appeal. Defendant contends that his petition raised substantial claims of denial of his constitutional rights, asserting: (1) that he was denied a fair trial because an expert witness called by the State testified on the basis of facts later established to be erroneous, causing the expert to reverse his opinion since the trial and (2) that he lacked effective assistance of counsel in trial. He asserts the trial court erred in dismissing

his petition on the State's motion without holding an evidentiary hearing to establish the truth or falsity of the facts alleged in the petition and supporting affidavits.

While most of the relevant facts are adequately set forth in this court's earlier opinion, certain other matters from the trial record must be considered in order to evaluate the issues now raised by defendant. At his trial defendant testified that the death of his wife occurred during an argument between them during which she produced a .380 Llama semi-automatic pistol and threatened to kill him, their two-year old daughter and herself. He stated that as she was waving the gun at him he could see that it was loaded, the positive safety was off and the hammer fully cocked. According to defendant, the fatal shot was fired accidentally while he struggled with his wife to gain control of the gun. He testified that, to his knowledge, he was unable to take the gun from her, it was in her hand during the struggle and he did not pull the trigger on the weapon.

According to the testimony of Dr. Dennis Dorsey, a pathologist, the decedent died as a result of a contact gunshot wound to the head. The bullet entered the skull a few inches behind the right ear and exited just above the left ear. There was also evidence of a puncture wound measuring two millimeters by four millimeters found on decedent's right hand near the rear portion of the thumb; a photograph of the hand and wound was admitted in evidence. Evidence was also presented that the rear portion of the slide on the gun had the same dimensions as the puncture wound. In support of his theory of defense defendant sought to establish that this wound was caused when the gun discharged, forcing the slide back onto his wife's hand, thereby proving that she was holding the gun when the fatal shot was fired.

Describing himself as an "armchair firearms expert," having written several articles for gun magazines, defendant testified that in order to fire the gun the hammer had to be fully cocked, the positive safety, consisting of a lever on the side of the gun, had to be depressed and the grip safety had to be engaged. He stated that in the normal handling of the gun the grip would be depressed, thereby engaging the grip safety, and that the gun would not discharge unless the grip safety was depressed.

George Nonte, a qualified firearms expert, testified for the defense as to the operation of the gun. He stated that when he test-fired the weapon he received a similar injury to his hand, on the web of skin between the thumb and forefinger, as a result of his hand being pinched between the spur of the hammer and the spur of the grip safety. He stated that such a wound could be caused by the rear portion of the slide as it moved back upon discharge and that he had seen such marks made on the hands of others in that manner. It was Nonte's opinion that the wound on Donna

Lovitz' hand was consistent with an injury which could have been made when firing a Llama .380.

Joseph Nicol, also a qualified firearms expert with a much wider background of experience than Nonte, testified on behalf of the State. Based upon test firings of the pistol and highspeed photographs taken as it discharged, it was Nicol's opinion that the slide would clear the back of the hand by about one-half inch. He testified, "it would be highly improbable for this weapon to have struck the hand of the deceased in the area described." When asked on cross-examination whether it was impossible for the gun to be held in a position to cause such a wound, he responded: "I was unable to determine a position * * * that would expose the upper surface of the thumb so that a wound would be received * * * [in] my opinion [there is] no position in which this gun could be held and fired [that] would produce a mark on the shooter's hand * * *." Nicol's opinion was also based upon the velocity and force of the recoil of the pistol and his belief at that time that the gun would not fire unless the grip safety was engaged and the trigger squeezed.

In count I of his amended petition, defendant alleged that after his trial a design defect had been discovered in Llama .380 pistols which would permit them to discharge even though the grip safety was not depressed. Sufficient force applied to a fully cocked hammer would engage the grip safety, causing the gun to discharge. Defendant also alleged that Joseph Nicol had then re-examined the gun and, in light of the defect which was unknown to him at trial, his testimony would have been significantly different. Submitted in support of defendant's petition was an affidavit in which Nicol stated:

> "In view of the aforementioned defect, it would not be inconsistent for the weapon to have accidentally discharged during a struggle, as testified to at said trial by GENE H. LOVITZ, wherein Lovitz and the decedent purportedly slid down a wall and impacted with the floor at which time the gun was to have discharged.
>
> Also in view of this inherent defect and the testimony of the defendant, GENE H. LOVITZ, as mentioned above, there are positions in which the gun could have been oriented at the time it discharged so as to cause the rear corner of the gun slide to engage the decedent's hand and cause the 2mm x 4mm puncture as shown in the photographs * * *."

■■■ A defendant is entitled to an evidentiary hearing of his petition for post-conviction relief if the well-pleaded allegations and supporting affidavits make a substantial showing of an abridgment of a constitutional right. (*People v. Shaw* (1971), 49 Ill. 2d 309, 311, 273 N.E.2d 816, 817; *People v. Williams* (1970), 47 Ill. 2d 1, 3, 264 N.E.2d 697, 698; *People v.*

*Edwards* (1980), 83 Ill. App. 3d 128, 131, 403 N.E.2d 771, 774, *cert. denied* (1981), 449 U.S. 1087, 66 L. Ed. 2d 813, 101 S. Ct. 877.) If the allegations of a post-conviction petition warrant a fair inference of a violation of constitutional rights, and they are not negated by the State or the record, an evidentiary hearing is required. (*People v. Cagle* (1979), 68 Ill. App. 3d 72, 74, 385 N.E.2d 838, 839, *appeal denied* (1979), 75 Ill. 2d 589.) The right to a fair trial is protected by the due process clause of the fourteenth amendment to the United States Constitution and by article I, section 2 of the Illinois Constitution of 1970. U.S. Const., amend. XIV; Ill. Const. 1970, art. I, §2; *People v. McDonald* (1970), 46 Ill. 2d 92, 263 N.E.2d 75.

Defendant contends that the recantation of the expert opinion given in trial by Joseph Nicol rebutting defendant's theory the gun discharged accidentally, taken with his present opinion which is consistent with defendant's innocence, presents a fair trial issue requiring an evidentiary hearing. In response, the State suggests that even if the mark on decedent's hand could have been made when the gun was fired, that corrected fact would not necessarily establish it was in her hand at that time. The State also points out that Nicol's trial testimony was but a small portion of the evidence presented against defendant and, as the revised opinion would not be sufficient to cause the jury to reach a different result, it does not raise a significant constitutional issue. See *People v. Heral* (1977), 54 Ill. App. 3d 527, 369 N.E.2d 922, *appeal denied* (1978), 71 Ill. 2d 597.

The cornerstone of the defense offered at trial was that defendant's wife produced the weapon and threatened defendant with it, the two struggled and the gun accidentally discharged while in her hand when they fell to the floor. Defendant so testified and his version of the event was partially corroborated by his expert witness, Nonte, who stated the small mark on the hand of the deceased could have been made if the Llama .380 was in her hand when fired. Nicol's trial testimony strongly refuted this argument, however, by stating there was no position in which the weapon could have been held and fired so as to produce such a mark on a hand. According to his affidavit, it appears Nicol would not now disagree with the testimony of defendant's expert and would in fact lend support to defendant on the question of who was in possession of the weapon when it discharged. That issue was heavily contested during trial and in argument to the jury. We believe the scope of Nicol's revised opinion relating to the weapon and the effect, if any, it had upon the outcome of the case can only be determined by an evidentiary hearing at which the arguments of the parties can be directed to the essential issue of whether defendant's right to a fair trial was inadvertently violated so as to require a new trial. See *People v. Garrett* (1975), 26 Ill. App. 3d 786, 326 N.E.2d 143, *rev'd on other grounds* (1975), 62 Ill. 2d 151, 339 N.E.2d 753;

see also *People v. Bland* (1978), 67 Ill. App. 3d 716, 384 N.E.2d 1380, *appeal denied* (1979), 75 Ill. 2d 591.

Defendant also asserts he was denied effective assistance of counsel at trial and that the trial court erred in dismissing his post-conviction petition without holding a hearing of its allegations in that regard. Essentially, defendant contends that his retained counsel failed to adequately investigate or prepare for trial, which resulted in his failure to discover evidence or present witnesses favorable to the defense. *People v. Greer* (1980), 79 Ill. 2d 103, 402 N.E.2d 203; *People v. Stepheny* (1970), 46 Ill. 2d 153, 263 N.E.2d 83; *People v. Howard* (1979), 74 Ill. App. 3d 138, 392 N.E.2d 775; *People v. Bland* (1978), 67 Ill. App. 3d 716, 384 N.E.2d 1380.

Ordinarily, we would undertake an analysis of the numerous allegations of incompetency of counsel to determine whether they were barred by *res judicata* (see *People v. Adams* (1972), 52 Ill. 2d 224, 225, 287 N.E.2d 695, 696; *People v. Mengedoht* (1980), 91 Ill. App. 3d 239, 241, 414 N.E.2d 893, 894), or whether the waiver rule should be relaxed because trial counsel also represented defendant in his direct appeal as in this case. (See *People v. Green* (1975), 34 Ill. App. 3d 153, 340 N.E.2d 58, *appeal denied* (1976), 62 Ill. 2d 590; *People v. McClain* (1973), 15 Ill. App. 3d 929, 305 N.E.2d 423.) In this case, however, we are presented with the unique circumstance of an affidavit by defendant's former counsel, Wayne B. Giampietro, filed in support of the charge defendant lacked effective assistance of counsel, in which his attorney states that it was impossible for him to prepare for the trial of defendant's case because of other commitments. It is difficult for this court to draw any firm conclusions based only upon the general terms of Mr. Giampietro's supporting affidavit, however, and it clearly raised an issue which must be explored in an evidentiary hearing.

An admission by a retained attorney that he did not prepare for the defense of a murder charge against his client, in support of a defendant's claim he was ineffectively represented at trial, raises serious questions and has great potential for abuse. Mr. Giampietro is an able and experienced attorney; whether his affidavit represents his sincere opinion that his client lacked effective assistance of counsel at trial or is simply a tactical device offered in a continuing effort to assist defendant will be better understood after a full hearing.

■■ We conclude this case must be remanded for an evidentiary hearing of the issues we have discussed. In counts II, IV, V, VII and VIII of his petition for post-conviction relief defendant also alleged he had been denied due process in other respects. These matters were not argued in this court, however, and are waived. See Ill. Rev. Stat. 1979, ch. 110A, pars. 341(e)(7), 612(i).

710

■■ We also note that following the decision of the United States Supreme Court in *Cuyler v. Sullivan* (1980), 446 U.S. 335, 64 L. Ed. 2d 333, 100 S. Ct. 1708, the same standard in reviewing competency pertains to retained and appointed counsel, that being whether defendant's attorney was actually incompetent in carrying out his duty to his client to defendant's substantial prejudice. *People v. Talley* (1981), 97 Ill. App. 3d 439, 443, 422 N.E.2d 1084, 1087-88; *People v. Scott* (1981), 94 Ill. App. 3d 159, 163, 418 N.E.2d 805, 808; see also *People v. Haywood* (1980), 82 Ill. 2d 540, 543-44, 413 N.E.2d 410, 412; *People v. Carlson* (1980), 79 Ill. 2d 564, 584-85, 404 N.E.2d 233, 242.

Accordingly, the judgment of the circuit court of Du Page County will be reversed and this cause remanded for an evidentiary hearing.

Reversed and remanded.

SEIDENFELD, P. J., and LINDBERG, J., concur.