UNITED STATES of America ex rel.
Walter A. MUCKER, Petitioner,

v.

Warden MIZELL, et al., Respondents.

No. 83 C 4139.

United States District Court,
N.D. Illinois, E.D.

Oct. 20, 1987.

Patricia T. Bergeson, Pope, Ballard, Shepard & Fowle, Chicago, Ill., for petitioner.

Joan G. Fickinger, Michael Weinstein and Mark L. Rotert, Asst. Attys. Gen., and Neil F. Hartigan, Atty. Gen., Criminal Appeals Div., Chicago, Ill., for respondents.

## MEMORANDUM OPINION AND ORDER

ZAGEL, District Judge.

On October 24, 1979, Walter Mucker was convicted of rape and deviate sexual assault. He was tried by the Circuit Court of Illinois, Lake County, sitting without a jury. Judgment was entered only upon the count of rape, and a six year term of imprisonment was imposed.

He appealed to the Appellate Court which affirmed on January 27, 1981 in an Order Disposing of Appeal under Supreme Court Rule 23. On appeal he claimed that a statement made by him to the police, evidence seized from his car and identification testimony were all admitted in violation of his constitutional rights. Further, he argued the evidence was insufficient to convict. The Appellate Court found the evidence was sufficient for conviction but refused to address the other claims because the evidence in question was not objected to at trial, was not the subject of motions to suppress, or complained of in a motion for new trial.

At the trial, Mucker was represented by Howard C. Savage, his privately retained counsel. On appeal, he retained a different counsel, Aldus Mitchell. Mucker did not seek leave to appeal to the Illinois Supreme Court.

Subsequently Mucker sought post-conviction relief on the grounds he was denied effective assistance of trial counsel. Counsel was appointed to represent him and filed an amended petition, and despite objections by the People, filed no supporting affidavits or material other than the trial transcripts.

The state circuit court dismissed the petition without a hearing. The dismissal was appealed to the Appellate Court. On Au-

gust 24, 1984, the Appellate Court affirmed in an Order Pursuant to Supreme Court Rule 23. The text of this Order follows:

In this appeal, the sole issue presented is whether the trial court erred in dismissing the petition without an evidentiary hearing to determine whether the defendant was denied the effective assistance of counsel.

Before a defendant is entitled to an evidentiary hearing on his petition, he must make a substantial showing, supported by affidavits, records or other evidence, that a constitutional right was violated. (Ill.Rev.Stat.1981, ch. 38, par. 122–2; *People v. Derengowski* (1970), 44 Ill.2d 476, 256 N.E.2d 455.) The Act contemplates that when a claim of substantial constitutional denial is based on an assertion beyond the record, evidence should be taken. (*People v. Sigafus* (1968), 39 Ill.2d 68, 70, 233 N.E.2d 386.) Absent a sufficient showing, however, the trial court may dismiss the petition without an evidentiary hearing. (*People v. Farnsley* (1973), 53 Ill.2d 537, 549, 293 N.E.2d 600.) On a motion to dismiss a post-conviction petition, the allegations of the petition can be taken for true (*People v. Johnson,* (1977), 52 Ill.App.3d 843, 845, 10 Ill.Dec. 625, 368 N.E.2d 111), and the focus is on the sufficiency of the petitioner's allegations and supporting documents. (*People v. McCarroll* (1973), 10 Ill.App.3d 249, 257, 294 N.E.2d 52.) Thus mere conclusional allegations are insufficient to entitle a defendant to an evidentiary hearing. *People v. Edwards* (1971), 49 Ill.2d 522, 525, 276 N.E.2d 308; *People v. Curtis* (1971), 48 Ill.2d 25, 28, 268 N.E.2d 29. In his amended petition, defendant alleges eight claims of incompetent representation of trial counsel which denied his State and Federal constitutional rights to due process. In order to entitle the defendant to an evidentiary hearing on the issue of incompetence of counsel, the petition must contain sufficient facts to show that representation was constitutionally deficient such that counsel's alleged inadequacy produced substantial prejudice to the defendant, without which the result would

probably have been different. (*People v. Eddmonds* (1984), 101 Ill.2d 44, 69, 77 Ill.Dec. 724, 461 N.E.2d 347.

We agree with the trial court's determination that the allegations were insufficient to show substantial denial of a constitutional right, and did not merit an evidentiary hearing. Nothing in the matters complained of suggest substantial prejudice such that the outcome of the trial would have been otherwise if defense counsel had been competent. The petition, though sworn to by defendant, was unsupported by any affidavits, records, or other evidence to establish its allegations and failed to state why adequate affidavits were not attached. As such, the allegations of incompetency of counsel are based solely upon mere assertions, and the trial court did not abuse its discretion when it dismissed the petition without the benefit of an evidentiary hearing. See *People v. Ashley* (1966), 34 Ill.2d 402, 411, 216 N.E.2d 126.

Moreover, even assuming the claims were sufficiently supported, none of the allegations were raised on direct appeal. Such claims are normally waived and may not be raised in subsequent post-conviction proceedings (*People v. Pickett* (1973), 54 Ill.2d 280, 296 N.E.2d 856; *People v. Cowherd* (1983), 114 Ill.App.3d 894, 898, 70 Ill.Dec. 460, 449 N.E.2d 589.), unless based on matters beyond the record, in which case, in the interest of fundamental fairness, strict application of *res judicata* is relaxed. (*People v. Partin* (1977), 69 Ill.2d 80, 12 Ill.Dec. 741, 370 N.E.2d 545.) On direct appeal, the defendant argued that a statement made by him to police, evidence seized from his car, and identification testimony were all admitted in violation of his constitutional rights. We deemed those issues waived as defendant did not make a pretrial motion to suppress or failed to raise these issues in his post-trial motion. (*People v. Mucker* (1981), 91 Ill.App.3d 1195, 50 Ill.Dec. 823, 419 N.E.2d 1272.) As defendant was represented by different counsel on direct appeal, and there is no allegation that his appellate counsel was also incompetent, defendant had the

opportunity to present the issue of incompetency on direct appeal with regard to the specific errors he alleges here. (*People v. Edwards* (1980), 83 Ill.App.3d 128, 130, 38 Ill.Dec. 540, 403 N.E.2d 771, *cert. denied* (1980), 449 U.S. 1087, 101 S.Ct. 877, 66 L.Ed.2d 813.) Accordingly, these issues which could have been raised at the time of defendant's direct appeal, but were not, are barred under the doctrine of *res judicata.* See *People v. Partin* (1977), 69 Ill.2d 80, 83, 12 Ill. Dec. 741, 370 N.E.2d 545. The defendant's post-conviction petition was properly dismissed, and the judgment of the circuit court of Lake County is AFFIRMED.

No leave to appeal to the Illinois Supreme Court was filed after the Appellate Court affirmed.

On June 21, 1983 Mucker filed a petition for a writ of habeas corpus. He alleged the three claims he made in his prior state proceedings: improper admission of evidence, insufficient evidence of guilt and ineffective assistance of counsel. His ineffective assistance of counsel claim is identical to the one filed in the state post-conviction proceeding, to wit, he alleges trial counsel failed to (1) move to suppress evidence, (2) prepare for trial, (3) file pretrial motions, (4) investigate information given him by petitioner, (5) subpoena occurrence and character witnesses, (6) offer a defense, and (7) make an adequate motion for new trial. An eighth ground is that trial counsel coerced a jury waiver.

There are a variety of procedural defaults that preclude a federal habeas corpus court from reaching Mucker's claims.

■ There is no evidence that Mucker ever presented his claims to the state Supreme Court in a petition for leave to appeal. The petition for the writ of habeas corpus here filed avers that the claims have not been presented to the state's highest

court. This failure precludes our review of the claims. *Nutall v. Greer,* 764 F.2d 462 (7th Cir.1985).[1] His statement that his lawyer did not wish to present the grounds to the state Supreme Court does not avoid the default. See *United States ex rel. Weismiller v. Lane,* 815 F.2d 1106, 1109 (7th Cir.1987). The decision is one ordinarily remitted to counsel whose competence is not here challenged. The claim that evidence should have been suppressed was not made at petitioner's state trial. On appeal the state court found this to preclude state review. In the absence of a finding that counsel was ineffective in failing to seek suppression, federal habeas review is similarly precluded. *Harris v. Reed,* 822 F.2d 684, 686 (7th Cir.1987) ("An issue which precludes a state appellate court from addressing the merits of a claim, also precludes a federal court....")

■ The claim of ineffective trial counsel is not available here either. Some of the alleged grounds concern matters which appear upon the trial record, i.e., failure to move for suppression, make pretrial motions, or an adequate motion for new trial. These matters were not raised on direct appeal, and this is a procedural default. *Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 2647–48, 91 L.Ed.2d 397 (1986); *United States ex rel. Devine v. De Robertis,* 754 F.2d 764, 768 (7th Cir.1985). There is no claim of ineffective counsel on appeal, made either here or in the state post-conviction petition to excuse this default. See *Williams v. Duckworth,* 724 F.2d 1439 (7th Cir.), *cert. denied,* 469 U.S. 841, 105 S.Ct. 143, 83 L.Ed.2d 82 (1984).

■ The remaining allegations against trial counsel concern matters outside the record and could not have been raised on direct appeal. See *United States ex rel. Tonaldi v. Elrod,* 782 F.2d 665, 668–69 (7th Cir.1986). They were raised at state post-

---

1. This failure to present the matter to the highest court is the only barrier to federal consideration of the argument that there was insufficient evidence to convict. It is true that the claim was not raised in constitutional terms in state court and thereby might be avoided here. But the claim is patently meritless. The victim identified Mucker in open court, identified the license plate and car which were traced to Mucker, and there was some physical evidence of a corroborating character. Such evidence clearly meets the standard set in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

conviction, but the state court did not reach the merits, and the reason it did not was petitioner's procedural default. Unlike petitions for federal habeas corpus, petitions for post-conviction relief in state court require more than a mere pleading of claims to avoid dismissal. The Rule 23 Order of the Appellate Court, excerpted above, accurately describes the state law on this matter.

In state court Mucker failed to file affidavits or identify with certainty the sources, character and availability of the evidence supporting his allegations. *People v. Cox*, 136 Ill.App.3d 623, 91 Ill.Dec. 140, 143, 483 N.E.2d 422, 425 (1st Dist. 1985); *People v. Free*, 112 Ill.2d 154, 97 Ill.Dec. 396, 492 N.E.2d 1269, 1273–74, *cert. denied*, —— U.S. ——, 107 S.Ct. 246, 93 L.Ed.2d 170 (1986). In our dual judicial system comity requires that state courts be given an opportunity to correct errors before federal courts hear such claims. "This goal can only be achieved when the issue is presented to the state courts in a manner that fairly allows the court to consider its merits." *United States ex rel. Spurlark v. Wolff,* 699 F.2d 354, 356 (7th Cir.1983) (en banc). See also *Phillips v. Lane,* 787 F.2d 208, 211 (7th Cir.) (procedural default under state law), *cert. denied,* —— U.S. ——, 107 S.Ct. 249, 93 L.Ed.2d 173 (1986); *United States ex rel. Bonner v. De Robertis,* 798 F.2d 1062, 1065 (7th Cir.1986) ("A federal court ... may ... consider only those contentions which [were] presented for decision to the state courts in the manner prescribed by state law.") The state law requirement is not unreasonable. Before conducting a hearing a court may well determine in a case like this that it requires specific allegations of what information it was that defense counsel failed to investigate, which witnesses were not subpoenaed and what they might have said, what defenses there were that defense counsel did not offer and how defense counsel coerced a waiver of jury. These requirements are particularly appropriate in cases where one claiming ineffective assistance must show not only the acts or omissions of counsel but also that a different course of conduct would have

changed the result of the trial. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

No cause for this procedural default is found here. Mucker does not claim ineffective assistance at state post-conviction proceedings and did not claim it on state post-conviction appeal when he was represented by counsel other than the one appointed at the hearing.

In light of the record in this case there is no reason here to ignore procedural default since this is not "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 2650, 91 L.Ed.2d 397 (1986) (permitting disregard of procedural default in such cases).

The petition for the writ of habeas corpus is DENIED.