THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MAJOR PEERY, Defendant-Appellant.

First District (1st Division) No. 81—1015

Opinion filed August 30, 1982.—Rehearing denied October 4, 1982.

Jeffrey B. Steinback, of Chicago (Kaaren M. Plant, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat and Raymond Brogan, Assistant State's Attorneys, of counsel), for the People.

JUSTICE GOLDBERG delivered the opinion of the court:

After a jury trial, Major Peery (defendant) was convicted of the murder of his wife and was sentenced to 100 to 150 years. Defendant appealed to this court on the theory that the trial court erred in refusing to give an instruction tendered by defendant regarding the lesser included offense of voluntary manslaughter predicated upon the presence of "serious provocation." (See Ill. Rev. Stat. 1971, ch. 38, par. 9—2(a) and (b), which defines the two types of voluntary manslaughter.) This court reversed the conviction and remanded for a new trial. *People v. Peery* (1973), 11 Ill. App. 3d 730, 297 N.E.2d 643.

Upon retrial, defendant tendered two instructions on the theory of voluntary manslaughter. One was based on provocation and the other on a belief by defendant that the circumstances would exonerate him but this belief was unreasonable. The trial court gave the latter tendered instruction but refused the former. Defendant was convicted and sentenced to 30 to 90 years.

Defendant appealed to this court again. (*People v. Peery* (1976), 41 Ill. App. 3d 533, 354 N.E.2d 536.) This court affirmed. The opinion

pointed out that since the jury found defendant guilty of murder, it necessarily must have rejected his testimony that his wife threatened and struck him. (41 Ill. App. 3d 533, 536.) This court also found no error in giving one of the instructions and not the other. A petition by defendant for leave to appeal to the Supreme Court of Illinois was denied on December 3, 1976. 64 Ill. 2d 598.

Defendant next filed a petition for *habeas corpus* in the United States District Court for the Northern District of Illinois, Eastern Division. The writ was denied. Defendant appealed to the United States Court of Appeals for the Seventh Circuit. The court of appeals denied defendant's claims and affirmed the action of the district court. *United States ex rel. Peery v. Sielaff* (7th Cir. 1979), 615 F.2d 402, *cert. denied* (1980), 446 U.S. 940, 64 L. Ed. 2d 794, 100 S. Ct. 2163.

On December 3, 1980, defendant filed a petition for post-conviction relief in the circuit court of Cook County. (Ill. Rev. Stat. 1979, ch. 38, par. 122—1.) Defendant as petitioner alleged the theory that, in rejecting the jury instruction based upon defendant's alleged provocation, the trial court in the second trial violated the rights of defendant under the fifth, sixth and fourteenth amendments of the Constitution of the United States. On February 20, 1981, the trial court allowed a motion by the People and the petition was dismissed.

In this court defendant urges only that the refusal to instruct the jury on the designated type of voluntary manslaughter deprived defendant of his right to present a defense to a jury in accordance with the sixth amendment and defendant's right to due process of law under the fourteenth amendment.

We are convinced that principles of *res judicata* require our affirmance of the order of dismissal of defendant's petition for post-conviction relief. The principles of this ancient legal doctrine are completely set forth in *Consolidated Distilled Products, Inc. v. Allphin* (1978), 73 Ill. 2d 19, 25-26, 382 N.E.2d 217.

The United States Court of Appeals for the Seventh Circuit filed a lengthy and complete order affirming dismissal of defendant's petition for *habeas corpus*. The order contains a complete and definitive analysis concerning the criminal conviction of defendant. The order also includes a discussion of the law of Illinois regarding application of the pertinent Illinois statute defining voluntary manslaughter and the propriety of giving one jury instruction and the refusal of another by the circuit court of Cook County. The court of appeals also carefully pointed out:

> "In a habeas action the question is whether the petitioner alleges a 'fundamental defect which inherently results in a com-

plete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure.' *Hill v. United States,* 368 U.S. 424, 428, 82 S. Ct. 468, 471, 7 L. Ed. 2d 417 (1962). The question before us is whether the 'ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.' *Cupp v. Naughten,* 414 U.S. 141, 147, 94 S. Ct. 396, 400, 38 L. Ed. 2d 368 (1973). Where it is the omission of an instruction that is at issue, the petitioner's burden is 'especially heavy' because '[a]n omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law.' *Henderson v. Kibbe,* 431 U.S. 145, 155, 97 S. Ct. 1730, 1737, 52 L. Ed. 2d 203 (1977)." 615 F.2d 402, 404.

We regard the above as a definitive statement of the basic theory of the use of the writ of *habeas corpus* by a United States Court in dealing with the validity of a conviction under State criminal law assailed upon the theory of an erroneous instruction. Additionally, the United State Supreme Court has held in a *habeas corpus* appeal also involving the legal propriety of an instruction (*Cupp v. Naughten* (1973), 414 U.S. 141, 146, 38 L. Ed. 2d 368, 373, 94 S. Ct. 396, 400):

"Before a federal court may overturn a conviction resulting from a state trial in which this instruction was used, it must be established not merely that the instruction is undesirable, erroneous, or even 'universally condemned,' but that it violated some right which was guaranteed to the defendant by the Fourteenth Amendment."

As regards the petition before us filed by defendant under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1981, ch. 38, par. 122—1), it has been repeatedly held that such a petition is required to allege a denial of constitutional rights. For example, in *People v. Burns* (1979), 75 Ill. 2d 282, 285-86, 388 N.E.2d 394, the supreme court held:

"In order to be entitled to relief under the Post-Conviction Hearing Act, it is necessary that the petitioner have suffered 'a substantial denial of his rights under the Constitution of the United States or of the State of Illinois' (Ill. Rev. Stat. 1977, ch. 38, par. 122—1)."

See also *People v. Roberts* (1979), 75 Ill. 2d 1, 9, 387 N.E.2d 331.

No additional authority need be cited in this regard. Many Illinois cases have stated the same principles. See *People v. Carter* (1980), 85 Ill. App. 3d 818, 830, 407 N.E.2d 584.

Therefore, it appears that the identical issues raised by the parties in the post-conviction petition before us have been previously raised in the *habeas corpus* litigation, decided and thus settled. In

short, since we have before us the same parties and the identical issues which were completely determined by the United States Court of Appeals, the matter is settled by the principles of *res judicata*.

The order appealed from dismissing defendant's post-conviction petition is accordingly affirmed.

Order affirmed.

McGLOON and O'CONNOR, JJ., concur.