THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM T. COWHERD, Defendant-Appellant.

Second District  No. 82—498

Opinion filed May 17, 1983.

G. Joseph Weller and Michael F. Braun, both of State Appellate Defender's Office, of Elgin, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (Phyllis J. Perko and Judith M. Pietrucha, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE REINHARD delivered the opinion of the court:

Defendant, William T. Cowherd, appeals from the dismissal without an evidentiary hearing of his amended post-conviction petition filed pursuant to the Post-Conviction Hearing Act. Ill. Rev. Stat. 1981, ch. 38, par. 122—1 *et seq.*

The only issue defendant raises on appeal is whether the trial court erroneously dismissed his amended post-conviction petition because the court failed to consider the decision in *People v. Hill* (1980), 78 Ill. 2d 465, 401 N.E.2d 517, decided subsequent to his direct appeal, as establishing a constitutional right to a fair trial as applied to the facts alleged in the amended petition.

The defendant was originally found guilty in a jury trial of an armed robbery which occurred on March 22, 1977, and was later sen-

tenced to a term of imprisonment of not less than 20 nor more than 60 years. On direct appeal to this court, we affirmed the defendant's conviction in *People v. Cowherd* (1980), 80 Ill. App. 3d 346, 399 N.E.2d 672, filed January 14, 1980. One of the issues raised in that appeal was whether prejudicial error was committed in violation of Supreme Court Rule 402(f) (87 Ill. 2d R. 402(f)) when Detective Summerford testified to statements made by the defendant and referred to certain plea negotiations with defendant. We found that the conversation related by Detective Summerford did not come within the spirit and intent of Supreme Court Rule 402(f). We concluded that the rule contemplated actual plea discussions between the accused and the competent State authorities charged with the negotiations of guilty pleas and sentences.

Subsequent to our decision, our supreme court on February 22, 1980, filed its decision in *People v. Hill* (1980), 78 Ill. 2d 465, 401 N.E.2d 517. In *Hill*, the court held that the admission of testimony of plea negotiations, which violates Rule 402(f), is of such devastating effect that the error is so prejudicial as to require reversal and cannot be harmless error. (78 Ill. 2d 465, 474, 401 N.E.2d 517.) Additionally, the court held that the fact that the party to whom the statement was made did not have actual authority to enter negotiations is not, standing by itself, sufficient to render the statement admissible. (78 Ill. 2d 465, 473, 401 N.E.2d 517.) Supreme Court Rule 402(f) provides:

"If a plea discussion does not result in a plea of guilty, or if a plea of guilty is not accepted or is withdrawn, or if judgment on a plea of guilty is reversed on direct or collateral review, neither the plea discussion nor any resulting agreement, plea, or judgment shall be admissible against the defendant in any criminal proceeding." 87 Ill. 2d R. 402(f).

On April 15, 1982, defendant filed his *pro se* petition for post-conviction relief alleging that Detective Summerford's testimony disclosed plea discussions in violation of Rule 402(f) which, under the decision in *People v. Hill* filed subsequent to his direct appeal, is reversible error. Counsel was appointed to represent defendant and an amended post-conviction petition was filed which stated the same basis for relief but further alleged that this was a substantial denial of his constitutional rights. Without conducting an evidentiary hearing, the trial court granted the State's motion to dismiss the amended petition finding there was no showing of a constitutional violation so as to require a hearing and that the same issue had been decided on defendant's direct appeal.

The relevant testimony, which defendant maintains violated Rule

402(f) and is of constitutional dimension, was given by Detective Summerford on direct examination at defendant's jury trial. Since the testimony of Detective Summerford set forth on pages 352-53 of our opinion in *People v. Cowherd* (1980), 80 Ill. App. 3d 346, 399 N.E.2d 672, was Summerford's testimony at a motion to suppress, we set out his substantially similar testimony before the jury, pertinent to the issue raised:

"[Detective Summerford]: We discussed an armed robbery of Ashland Jewelers, we discussed some engotiations [*sic*] that had been made by our State's Attorney, and we discussed some possible negotiations being made with --

MR. STONE [Defendant's Attorney]: Objection, Your Honor.

MR. FOX [Prosecutor]: All right.

THE COURT: If he wishes to testify as to conversations, I think he should testify as to the entire conversation. What did you say to him and what did he say to you?

BY MR. FOX:

Q. What did you say to him at that time and what did he say to you with reference to the Ashland Jewelry Store?

A. I had asked him if he was directly involved, had he been in the store on March the 22nd and he stated that he had been there, and he also indicated to me that he had carried the jewels from the store through a hallway that goes back to a parking lot and he got in a car with Mr. Tvo and they drove to the Essex Hotel in Chicago.

He also stated to me that he would give a statement, that he would like to have his attorney present during this statement and this was --

MR. STONE: Judge, I am going to object to this entire line of questioning.

THE COURT: That objection is overruled.

Go ahead.

THE WITNESS: And he was told that he could have his attorney and we would get with the State's Attorney the following day and a statement would be taken with his attorney present.

He also talked to me about the possibility of serving his Illinois time along with federal time and requested to talk to an FBI agent by the name of Davis in Springfield. I made a call to Mr. Davis and he and Mr. Cowherd talked over the phone."

■ Initially, we must address the State's contention that defendant should be precluded from again raising an issue relative to Detec-

tive Summerford's testimony because the affirmance of defendant's conviction on his direct appeal is *res judicata* as to all issues that were raised or that could have been raised on appeal. While this contention states the general rule (see *People v. Roberts* (1979), 75 Ill. 2d 1, 10, 387 N.E.2d 331), the strict application of *res judicata* has been relaxed where fundamental fairness dictates otherwise, as where the right relied on has been recognized for the first time after the direct appeal. (*People v. Ikerd* (1970), 47 Ill. 2d 211, 265 N.E.2d 120; *People v. Hopkins* (1976), 41 Ill. App. 3d 430, 432, 354 N.E.2d 141.) In *People v. Hill* (1980), 78 Ill. 2d 465, 401 N.E.2d 517, our supreme court for the first time expressly recognized that the fact that the party to whom a plea-related statement was made did not have the actual authority to enter negotiations is not, standing by itself, sufficient to render the statement admissible. (78 Ill. 2d 465, 471, 401 N.E.2d 517; see also *People v. Friedman* (1980), 79 Ill. 2d 341, 352, 403 N.E.2d 229.) This holding is directly contrary to the basis of our rejection of defendant's contention on his direct appeal wherein we stated that "[t]he rule [402(f)] contemplates, we believe, the actual plea discussions between the accused and the competent State authorities charged with the negotiations of guilty pleas and sentences." (*People v. Cowherd* (1980), 80 Ill. App. 3d 346, 353, 399 N.E.2d 672.) We cited *People v. Steptore* (1972), 51 Ill. 2d 208, 281 N.E.2d 642, which we then perceived to require negotiation with the State's Attorney. Since the basis of defendant's claim is predicated upon case law which developed after affirmance of his conviction on direct appeal, fundamental fairness under the circumstances here requires relaxation of the doctrine of *res judicata*. See *People v. Farley* (1976), 37 Ill. App. 3d 178, 181, 345 N.E.2d 724.

■ The State also maintains that defendant's statements as testified to by Detective Summerford at trial cannot be characterized as plea related and that our prior opinion so stated. As we said above, our basis for rejecting defendant's claim on his direct appeal was that the negotiations were not with the proper authorities responsible for guilty pleas. Any language in our prior opinion which may arguably suggest that we considered the conversation not to constitute a plea negotiation must be read in context with our holding that actual plea discussions must be with the authorities responsible for negotiations of guilty pleas.

The characterization of a statement as plea related, and therefore inadmissible under Rule 402(f), must turn on the facts of each case. (*People v. Friedman* (1980), 79 Ill. 2d 341, 352, 403 N.E.2d 229.) The test of whether a particular statement is plea related is:

"[F]irst, whether the accused exhibited a subjective expectation to negotiate a plea, and, second, whether this expectation was reasonable under the totality of the objective circumstances." (*People v. Friedman* (1980), 79 Ill. 2d 341, 351, 403 N.E.2d 229.)

While the State cites our decision in *People v. Victory* (1981), 94 Ill. App. 3d 719, 419 N.E.2d 73, as a case presenting "almost identical facts," we find little similarity to the facts here. In *Victory*, we found an unsolicited statement by the defendant therein to police officers as they were transporting him to the county jail was not made to initiate plea negotiations. 94 Ill. App. 3d 719, 723-24, 419 N.E.2d 73.

It is apparent here from Detective Summerford's testimony that he was questioning defendant, who was in custody, about a prior armed robbery which Summerford was investigating. In this context, Summerford related his conversation with the defendant, as set forth above, which made reference to "some engotiations [*sic*] that had been made by our State's Attorney, and * * * some possible negotiations being made with --." Summerford related certain admissions defendant made, defendant's request to have his attorney present before he gave a statement, and then testified that defendant "talked to me about the possibility of serving his Illinois time along with federal time and requested to talk to an FBI agent * * *."

We find this testimony clearly is a plea-related discussion which is inadmissible under Rule 402(f). Illinois courts of review have recognized the devastating effect of the use of plea-negotiation testimony in violation of Rule 402(f) and have held that the use of such testimony was so prejudicial as to require reversal even absent an objection at trial. (*People v. Friedman* (1980), 79 Ill. 2d 341, 353, 403 N.E.2d 229; *People v. Hill* (1980), 78 Ill. 2d 465, 474, 401 N.E.2d 517; *People v. Benniefield* (1980), 88 Ill. App. 3d 150, 155, 410 N.E.2d 455; *People v. Hardiman* (1980), 85 Ill. App. 3d 347, 354-55, 406 N.E.2d 842; *People v. Morris* (1979), 79 Ill. App. 3d 318, 331-32, 398 N.E.2d 38.) From our examination of Detective Summerford's trial testimony, we conclude the statements were plea related. See *People v. Friedman* (1980), 79 Ill. 2d 341, 403 N.E.2d 229.

█■ ■ Having concluded that the testimony of Detective Summerford pertinent to a plea-related discussion was a violation of Rule 402(f) which on a direct review would require reversal and a new trial even though not objected to at trial, we now must determine whether such a violation was a substantial denial of defendant's constitutional rights so as to entitle him to relief under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1981, ch. 38, par. 122—1 *et seq.*). The fact that a

conviction was affirmed under a precedent later overruled, does not, by itself, amount to a constitutional violation cognizable in a post-conviction proceeding. (*People v. Clark* (1980), 84 Ill. App. 3d 186, 405 N.E.2d 450.) However, in *People v. Friedman* (1980), 79 Ill. 2d 341, 403 N.E.2d 229, our supreme court held that a defendant was denied the right to a fair trial by the introduction of a plea-related discussion in violation of Rule 402(f). (79 Ill. 2d 341, 353, 403 N.E.2d 229; see also *People v. Benniefield* (1980), 88 Ill. App. 3d 150, 410 N.E.2d 455.) The right to a fair trial is protected by the due process clause of the fourteenth amendment to the United States Constitution and by article I, section 2 of the Illinois Constitution of 1970 (U.S. Const., amend. XIV; Ill. Const. 1970, art. I, sec. 2; *People v. Lovitz* (1981), 101 Ill. App. 3d 704, 708, 428 N.E.2d 727.) The failure to accord an accused a fair hearing violates even the minimal standards of due process. (See *People v. Cole* (1973), 54 Ill. 2d 401, 411, 298 N.E.2d 705.) The use of defendant's plea-related discussion here, we believe, is the equivalent of the use in evidence of withdrawn pleas of guilty held to be a denial of a fair trial. (*People v. Bain* (1973), 10 Ill. App. 3d 909, 911, 295 N.E.2d 295; *People v. Haycraft* (1966), 76 Ill. App. 2d 149, 153-54, 221 N.E.2d 317.) Thus, the violation of Rule 402(f) under these circumstances was a denial of defendant's constitutional right to due process.

Since it is clear from the record that the particular statement here is plea related and defendant exhibited a subjective expectation to negotiate a plea, which was reasonable under the totality of the objective circumstances, we reverse and remand for a new trial. See *People v. Friedman* (1980), 79 Ill. 2d 341, 353-54, 403 N.E.2d 229.

Reversed and remanded.

NASH and HOPF, JJ., concur.