THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PHILLIP PEEPLES, Defendant-Appellant.

Fourth District   No. 4—88—0679

Opinion filed June 15, 1989.

Daniel D. Yuhas and Lawrence J. Essig, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

On August 30, 1988, the circuit court of Champaign County, pursuant to the State's motion, dismissed the post-conviction petition of defendant Phillip Peeples. Defendant appeals. We affirm.

On September 16, 1980, defendant was convicted for committing the offense of murder (Ill. Rev. Stat. 1987, ch. 38, par. 9—1). The crime involved the sexual assault and stabbing death of a teacher in the school library. At the sentencing hearing, the court found defendant qualified for an extended-term sentence since the crime was accompanied by "exceptionally brutal or heinous behavior indicative of wanton cruelty," which is one of the qualifying factors set forth in section 5—5—3.2(b)(2) of the Unified Code of Corrections (Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—3.2(b)(2)). Accordingly, the court sentenced defendant to 80 years' incarceration.

On July 22, 1981, this court, in an unpublished order, affirmed defendant's conviction and sentence. The Illinois Supreme Court denied defendant's leave to appeal on November 30, 1981. (*People v.*

*Peeples* (4th Dist. July 22, 1981,) No. 16759 (unpublished order under Supreme Court Rule 23), *appeal denied* (1981), 85 Ill. 2d 580, 426 N.E.2d 1288.) Defendant next turned to the Federal courts for relief. The district court denied defendant's petition for writ of *habeas corpus*. (*United States ex rel. Peeples v. Greer* (C.D. Ill. 1983), 566 F. Supp. 580.) This denial was affirmed by the court of appeals in *United States ex rel. Peeples v. Greer* (7th Cir. 1984), 739 F.2d 262.

Defendant returned to the Illinois courts in his quest on June 16, 1988, when he filed his present petition, pursuant to the Post-Conviction Hearing Act (Ill. Rev. Stat. 1987, ch. 38, par. 122—1 *et seq.*). After appointment of counsel and filing of an amended petition, the State filed a motion to dismiss the petition. Defendant's petition contained numerous grounds for relief, but relied primarily on his assertion that the factor the court relied on to impose the extended-term sentence is vague and violates the constitutional prohibition against cruel and unusual punishment. The State contended that these issues were either raised, or could have been raised, in earlier appeals and, pursuant to the doctrine of *res judicata*, the petition should be dismissed. The court agreed.

██ It is well settled that, in evaluating post-conviction petitions, affirmance on the direct appeal is *res judicata* as to all issues that were raised, or could have been raised, on that appeal. (*People v. Roberts* (1979), 75 Ill. 2d 1, 10, 387 N.E.2d 331, 335.) This is equally true of issues raised in *habeas corpus* litigation. (*People v. Peery* (1982), 108 Ill. App. 3d 843, 845-46, 439 N.E.2d 1087, 1089.) There is a limited exception to strict application of *res judicata* where fundamental fairness dictates otherwise, as where the right relied on has been recognized for the *first* time after the direct appeal. (*People v. Cowherd* (1983), 114 Ill. App. 3d 894, 898, 449 N.E.2d 589, 591-92.) It is this exception upon which defendant relies.

Defendant argues the provisions of section 5—5—3.2(b)(2), which provide an extended-term sentence can be imposed if the offense is accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty, is vague and violates the eighth amendment prohibition against cruel and unusual punishment because the sentence could be capriciously and arbitrarily imposed. He relies on the recent Supreme Court case of *Maynard v. Cartwright* (1988), 486 U.S. 356, 359, 100 L. Ed. 2d 372, 378, 108 S. Ct. 1853, 1856. There, the Court found that an Oklahoma statute, which provided the death penalty could be imposed when the murder was "especially heinous, atrocious, or cruel," violated the eighth amendment. The Court observed the language had not been defined by the Oklahoma courts and, conse-

quently, did not sufficiently minimize the risk of wholly arbitrary and capricious action by the sentencer in imposing the death penalty.

Defendant maintains that, since *Maynard* was decided after his direct appeal and *habeas corpus* petition, the doctrine of *res judicata* should not be applied. However, the exception only applies where the right has been recognized for the first time after the direct appeal. (*Cowherd*, 114 Ill. App. 3d at 898, 449 N.E.2d at 591-92.) A review of *Maynard* and defendant's other actions establishes that, in fact, defendant did litigate this exact question in earlier proceedings.

In *Maynard*, the Court stated: "We think the Court of Appeals was quite right in holding that [*Godfrey v. Georgia*] controls this case." (*Maynard*, 486 U.S. at 363, 100 L. Ed. 2d at 382, 108 S. Ct. at 1859.) In *Godfrey v. Georgia* (1980), 446 U.S. 420, 428, 64 L. Ed. 2d 398, 406, 100 S. Ct. 1759, 1765, the Court held a Georgia statute, which allowed imposition of the death sentence when the murder was "outrageously or wantonly vile, horrible or inhuman," had been unconstitutionally applied because the quoted language had not been defined for the sentencing jury. The court concluded this vague construction gave the jury unchanneled discretion, violating the eighth amendment prohibition against cruel and unusual punishment.

It is apparent then that *Maynard* does not represent new law, but simply applies that set forth in *Godfrey*. The "right" defendant attempts to assert now was recognized in 1980, and not for the first time after conclusion of defendant's direct appeal.

It is also evident defendant thoroughly litigated this question in his earlier cases. In our unpublished decision on defendant's direct appeal, this court stated:

"The constitutional issue, defendant's second argument, may be disposed of summarily. He relies entirely on *Godfrey v. Georgia* (1980), 446 U.S. 420, 64 L. Ed. 2d 398, 100 S. Ct. 1759. The Supreme Court in *Godfrey* was concerned with the application to that set of facts of the Georgia death-penalty statute which had already been held constitutional in *Gregg v. Georgia* (1976), 428 U.S. 153, 49 L. Ed. 2d 859, 96 S. Ct. 2909. The court simply held that on the facts of *Godfrey* the death penalty was not warranted.

The instant case is controlled by *People v. Nobles* (1980), 83 Ill. App. 3d 711, 404 N.E.2d 330. In that case the court upheld the constitutionality of the statute imposing life imprisonment under section 5—8—1(a)(1) of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—1(a)(1)). We note that the language of that section is identical with the language of

the extended term statute which we have been discussing. The phrase, 'accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty,' appears in both statutes." *People v. Peeples* (4th Dist. July 22, 1981), No. 16759, slip op. at 7-8 (unpublished order under Supreme Court Rule 23).

In denying defendant's *habeas corpus* petition, the district court stated:

"The death penalty is cruel and unusual punishment when there is a substantial risk that it will be imposed in an arbitrary and capricious manner. That is the impact of *Furman v. Georgia, Gregg v. Georgia, Proffitt v. Florida,* and *Godfrey v. Georgia.* That limitation on a state's sentencing power is founded in the Eighth Amendment and made applicable to the states by the Fourteenth Amendment. In short, *Godfrey v. Georgia* is an Eighth Amendment case and not a Fourteenth Amendment due process case. [Citations.] The Eighth Amendment analysis of *Godfrey v. Georgia* would not apply to an extended term of imprisonment. As noted above, the United States Supreme Court has never held a term of years within statutory limits to be cruel and unusual punishment. [Citation.] It follows that a substantial risk of the arbitrary and capricious imposition of an extended term of imprisonment is not cruel and unusual punishment." *Peeples,* 566 F. Supp. at 591.

The court of appeals affirmed this denial. In so doing, it observed:

"The appellant herein argues before us that the decision in [*Solem v. Helm* (1983), 463 U.S. 277, 77 L. Ed. 2d 637, 103 S. Ct. 3001, which was decided after the district court's opinion] now makes Judge Baker's refusal to apply to the facts of this case the Eighth Amendment analysis of *Godfrey v. Georgia, supra,* improper. But we find that *Solem* does not serve to change Judge Baker's decision. Put succinctly, *Godfrey, Gregg* and *Proffitt* still stand for the proposition that in a death penalty case there can be cruel and unusual punishment whenever there is a substantial risk that due to the language of the state statute the death penalty can be imposed in an arbitrary and capricious manner. *Solem* addresses an inherently different consideration—one which serves to permit limited federal court surveillance of state court term sentences. It is that imprisonment for a term of years can be found invalid under the Eighth Amendment, when the term of years is significantly disproportionate to the offense. Both *Solem* and the *Godfrey* line of cases fall under the scrutiny of the Eighth Amendment, but

they do not combine here to condemn Peeples' sentence. The petitioner here has not claimed that his term of years is disproportionate to his offense. In fact, any such claim would be futile. It is true that Peeples was sentenced to 80 years, but he received it as punishment for a brutal and violent murder. This is a far cry from the defendant in *Solem* who as punishment for relatively minor criminal conduct received life in prison without the possibility of probation or parole.

*What the petitioner appears to be claiming is that his sentence is invalid under the Eighth Amendment because the Illinois statute itself is unconstitutional in that it creates the possibility that extended term sentences under it could be capriciously and arbitrarily imposed.* Under the *Godfrey* cases, there is the serious federal concern about state impositions of death sentences under capital sentencing statutes that are so vague that state courts can execute people arbitrarily or speculate as to whether a convicted defendant's behavior has measured up to the condemnation expressed in the statute. Now, under *Solem*, there is a different concern—one that relates to terms of years sentences. But it is related more to the application of the statute than to the language of the statute. It is that in the term sentence itself there must be proportionality and balance that reflect the offense committed. It may be true that both of these issues are at home in discussions about due process of law under the Fourteenth Amendment; but in *Solem* as in *Godfrey* the Supreme Court has found the Eighth Amendment a sufficient foundation for federal judicial attention.

We are convinced from a review of the record before us and a review of Judge Baker's thorough study of the Illinois cases upholding the constitutionality of the statute applied here, that the statute in question as applied to the facts of this case did not constitute a violation of the Constitution of the United States." (Emphasis added.) *Peeples*, 739 F.2d at 265.

Defendant argues these cases substantively considered vagueness claims under the due process provisions of the fourteenth amendment and did not address the substantive merit of his eighth amendment claim. However, the decisions, by their very language, belie this assertion. All three cases refer to defendant's reliance on *Godfrey*, which is strictly an eighth amendment case and contains no reference to the due process clause of the fourteenth amendment. Further, both Federal opinions specifically refer to defendant's eighth amendment arguments.

■ Accordingly, it is evident defendant, in the present case, is simply trying to litigate the same question between the same parties using the same law, which has been answered by three courts. The doctrine of *res judicata* controls, and defendant's petition was properly dismissed.

Even if we were to accept defendant's argument that he did not raise this issue in his direct appeal, the trial court's dismissal of his post-conviction petition is proper. Defendant argues, relying on *Maynard*, that the provision which allows an extended-term sentence to be imposed, when the crime is accompanied by "exceptionally brutal or heinous behavior indicative of wanton cruelty," is vague and subject to being capriciously and arbitrarily imposed and, thus, violates the eighth amendment.

■ However, as noted, *Maynard* is simply an application of *Godfrey*. The analysis in *Godfrey* is limited in application to death penalty sentences, and not cases involving terms-of-years sentences. (*Peeples*, 739 F.2d at 265; *Peeples*, 566 F. Supp. at 584.) Also, numerous Illinois courts have addressed the vagueness question, with respect to this section or similarly worded sections of the Unified Code of Corrections, and have found no constitutional problems. (See *People v. La Pointe* (1981), 88 Ill. 2d 482, 499-500, 431 N.E.2d 344, 352; *People v. Cooper* (1985), 136 Ill. App. 3d 517, 528, 483 N.E.2d 309, 316; *People v. Sanford* (1983), 116 Ill. App. 3d 834, 844, 452 N.E.2d 710, 718; *People v. Andrews* (1982), 105 Ill. App. 3d 1109, 1113, 435 N.E.2d 706, 708; *People v. Kulpa* (1981), 102 Ill. App. 3d 571, 577, 430 N.E.2d 164, 168-69; *People v. Devine* (1981), 98 Ill. App. 3d 914, 925-26, 424 N.E.2d 823, 832-33; *People v. Turner* (1981), 93 Ill. App. 3d 61, 68-69, 416 N.E.2d 1149, 1155.) Finally, the Seventh Circuit Court of Appeals, in the earlier referred to opinion on defendant's case, addressed this question in a well-reasoned opinion, and determined there was no constitutional difficulty (see *Peeples*, 739 F.2d 262.), an analysis with which we agree. Accordingly, we conclude defendant's assertion that the language in question violates the eighth amendment of the United States Constitution is without merit.

Affirmed.

McCULLOUGH, P.J., and GREEN, J., concur.