THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
KENNETH SEIDLER, Defendant-Appellee.

Fourth District   No. 4—89—0943

Opinion filed September 28, 1990.—Rehearing denied November 8, 1990.

Donald M. Cadagin, State's Attorney, of Springfield (Kenneth R. Boyle, Robert J. Biderman, and Denise M. Ambrose, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Daniel D. Yuhas and David Bergschneider, both of State Appellate Defender's Office, of Springfield, for appellee.

JUSTICE LUND delivered the opinion of the court:

On May 12, 1989, defendant Kenneth Seidler filed a petition for post-conviction relief in the circuit court of Sangamon County. On November 17, 1989, the circuit court granted the petition and ordered a new trial. The State now appeals. We reverse.

On June 7, 1984, defendant was found guilty of committing the offense of rape. He subsequently received a 40-year prison sentence. On direct appeal, this court in a Rule 23 order affirmed the convic-

tion. (*People v. Seidler* (1985), 131 Ill. App. 3d 1173, 493 N.E.2d 1226 (unpublished order under Supreme Court Rule 23).) In that appeal, defendant argued his identification by the victim should have been suppressed since it was tainted by police conduct and that he was not proved guilty beyond a reasonable doubt. The order also indicates that the victim had undergone hypnosis prior to making the in-court identification of defendant. It is this hypnosis which is the central issue of the current post-conviction petition.

At the time of trial, the use of hypnotically enhanced testimony was permitted. (See *People v. Smrekar* (1979), 68 Ill. App. 3d 379, 385 N.E.2d 848.) However, our supreme court recently held that, as a matter of evidentiary law, a witness' hypnotically enhanced testimony is inadmissible. (*People v. Zayas* (1989), 131 Ill. 2d 284, 295, 546 N.E.2d 513, 518.) At the time the *Zayas* opinion was filed, defendant's post-conviction petition was pending. In it, he alleged he was entitled to a new trial because he received ineffective assistance of counsel by counsel's not objecting to the hypnotically enhanced testimony, he was denied a fair trial by that evidence's admission, and the use of this testimony violated his right to confrontation. The court, without explanation as to its reasons, granted the petition. The State now appeals.

■■ The Post-Conviction Hearing Act (Act) (Ill. Rev. Stat. 1989, ch. 38, pars. 122—1 through 122—8) provides a remedy to criminal defendants who claim that substantial violations of constitutional rights occurred in their trials. (*People v. Silagy* (1987), 116 Ill. 2d 357, 365, 507 N.E.2d 830, 833, *cert. denied* (1987), 484 U.S. 873, 98 L. Ed. 2d 163, 108 S. Ct. 212.) Such a proceeding is not an appeal *per se*, but is a collateral attack upon a final judgment. (*People v. James* (1986), 111 Ill. 2d 283, 290, 489 N.E.2d 1350, 1353.) The scope of review is limited to issues which have not been, and could not have been, previously adjudicated. *People v. Owens* (1989), 129 Ill. 2d 303, 308, 544 N.E.2d 276, 277.

The State initially contends that the counsel involved in the original trial was not ineffective because the status of the law at the time allowed for admission of hypnotically enhanced testimony. (See *Smrekar*, 68 Ill. App. 3d 379, 385 N.E.2d 848.) In his brief before this court, defendant agrees. Accordingly, it is not necessary for us to consider this question.

■ The State next contends defendant's right of confrontation was not violated. The confrontation clause of the sixth amendment gives the accused the right to be confronted with the witnesses against him. This has long been read as securing an adequate oppor-

tunity to cross-examine witnesses. (*United States v. Owens* (1988), 484 U.S. 554, 557, 98 L. Ed. 2d 951, 956, 108 S. Ct. 838, 841.) The State argues this right was complied with since the victim testified in his presence in court and was subject to cross-examination. Defendant responds by observing that previously hypnotized witnesses gain complete confidence in their "restored" memory and are very difficult to cross-examine. (See *Zayas*, 131 Ill. 2d at 291, 546 N.E.2d at 516.) Accordingly, he maintains that his right to confront the victim has been abridged.

■■ ■ Initially, we conclude that defendant was precluded from asserting this claim. It is well settled that, in evaluating post-conviction petitions, affirmance on the direct appeal is *res judicata* as to all issues that were raised, or could have been raised, in that appeal. (*People v. Roberts* (1979), 75 Ill. 2d 1, 10, 387 N.E.2d 331, 335; *People v. Peeples* (1989), 184 Ill. App. 3d 206, 208, 539 N.E.2d 1376, 1377.) Defendant's argument that use of this testimony violates his confrontation rights could easily have been made during the original trial and on direct appeal. While *Smrekar* had resolved the question of the evidence's admissibility, that case only involved an analysis under evidence principles. The confrontation question was never presented there. Thus, it could have been presented in this case originally. Failure to do so results in application of the doctrine of *res judicata* and prevents defendant from pursuing this argument in his post-conviction petition.

■■ Defendant, however, observes there is a limited exception to strict application of *res judicata* when fundamental fairness dictates otherwise, as where the right relied upon has been recognized for the first time after direct appeal. (*Peeples*, 184 Ill. App. 3d at 208, 539 N.E.2d at 1377; *People v. Cowherd* (1983), 114 Ill. App. 3d 894, 898, 449 N.E.2d 589, 591-92.) Defendant suggests that the recent overruling of *Smrekar* by *Zayas* creates just such an exception. However, *Zayas* involved an analysis of the reliability of the evidence for admission under general evidentiary principles and did not involve the confrontation clause. Thus, it is clear that no new right involving the confrontation clause has been recognized and, therefore, there is no exception to strict application of *res judicata*.

■■ Assuming *arguendo* that *res judicata* does not apply, defendant's position must fail. In *Delaware v. Fensterer* (1985), 474 U.S. 15, 88 L. Ed. 2d 15, 106 S. Ct. 292, the Court addressed a situation in which an expert witness testified as to his opinion but, on cross-examination, he could not remember the basis for it. The Court found no confrontation problem with this. It explained:

"The Confrontation Clause includes no guarantee that every witness called by the prosecution will refrain from giving testimony that is marred by forgetfulness, confusion, or evasion. To the contrary, the Confrontation Clause is generally satisfied when the defense is given a full and fair opportunity to probe and expose these infirmities through cross-examination, thereby calling to the attention of the factfinder the reasons for giving scant weight to the witness' testimony." *Fensterer*, 474 U.S. at 21-22, 88 L. Ed. 2d at 21, 106 S. Ct. at 295.

In *Owens*, the Court was faced with a situation where the victim of a beating identified, to the police at the hospital, the defendant as the perpetrator. At trial, he testified to making that identification. However, due to a memory loss, he was unable on cross-examination to explain the basis for that identification. The Court, relying a great deal on *Fensterer*, found no confrontation clause problem. The Court observed that the confrontation clause guarantees only an opportunity for effective cross-examination and does not guarantee cross-examination that is effective in whatever way, and to whatever extent, the defense might wish. (*Owens*, 484 U.S. at 559, 98 L. Ed. 2d at 957, 108 S. Ct. at 842; see also *Fensterer*, 474 U.S. at 20, 88 L. Ed. 2d at 19, 106 S. Ct. at 294.) The Court then explained:

"As *Fensterer* demonstrates, that opportunity [for effective cross-examination] is not denied when a witness testifies as to his current belief but is unable to recollect the reason for that belief. It is sufficient that the defendant has the opportunity to bring out such matters as the witness's bias, his lack of care and attentiveness, his poor eyesight, and even (what is often a prime objective of cross-examination, see 3A J. Wigmore, Evidence §995, pp. 931-32 (J. Chadbourn rev. 1970)) the very fact that he has a bad memory. If the ability to inquire into these matters suffices to establish the constitutionally requisite opportunity for cross-examination when a witness testifies as to his current belief, the basis for which he cannot recall, we see no reason why it should not suffice when the witness's past belief is introduced and he is unable to recollect the reason for that past belief." *Owens*, 484 U.S. at 559, 98 L. Ed. 2d at 958, 108 S. Ct. at 842.

This analysis resolves the question now before us. Defendant is concerned about the extra confidence in the victim's identification of him, which she gained from the hypnosis. However, he was still able to cross-examine her and bring out, among other things, that prior to her hypnosis she was unsure and, in fact, initially, did not identify

anyone. We fail to see the difference between the situations where a witness gives an opinion but cannot remember how he came to it, or a witness who gives an out-of-court statement but cannot remember why, and a witness who may be more confident of her testimony but who cannot explain how she remembered the details which make her sure of her identification. If the former situations involved no confrontation problem (which they do not), then surely the latter situation, which is ours, does not. Accordingly, we conclude that no violation of the defendant's right to confrontation occurred.

■ Defendant finally asserts, as an alternative ground, that his due process rights were violated. He observes that due process protects the defendant against conviction, except upon proof beyond a reasonable doubt of every fact necessary to constitute the offense. (*Jackson v. Virginia* (1979), 443 U.S. 307, 309, 61 L. Ed. 2d 560, 567, 99 S. Ct. 2781, 2783.) He argues that hypnotically enhanced testimony is inherently unreliable and that the use of it in his case undermines his conviction.

This argument has been resolved by the *Zayas* opinion. There, the court concluded that the reliability of this type of testimony is, in fact, suspect and should not be admitted into evidence. (*Zayas*, 131 Ill. 2d at 295, 546 N.E.2d at 518.) However, in commenting on the impact of this holding, the supreme court explained:

"We understand that other criminal cases in Illinois have involved the use of hypnosis. This ruling, however, will not affect those cases that have been finally determined on direct appeal." (*Zayas*, 131 Ill. 2d at 298, 546 N.E.2d at 519.)

Defendant has exhausted his direct appeals and, as noted, a post-conviction petition is a collateral attack on a final judgment. (*James*, 111 Ill. 2d at 290, 489 N.E.2d at 1353.) Thus, it is clear that the *Zayas* holding itself could not be argued as grounds for reversal in a post-conviction petition.

Defendant, however, does not argue directly that *Zayas* requires the questioned testimony be disregarded, thus raising a reasonable doubt of his conviction. Rather, he argues much of the analysis in *Zayas* should lead to the conclusion that the evidence is unreliable and, therefore, a reasonable doubt is raised. He apparently wishes us to reach the same conclusion as the *Zayas* court without relying on that opinion. He hopes to do indirectly what he cannot do directly. The *Zayas* court specifically held that its opinion is not to have any affect upon collateral matters such as this. To do as defendant suggests would be contrary to this directive. Accordingly, it cannot be done, and we find no due process problem with defendant's conviction.

We observe further that to the extent this argument is not predicated on *Zayas*, it is also precluded by *res judicata*. As pointed out earlier, affirmance on direct appeal is *res judicata* as to all issues which could have been raised in that appeal, unless a new right has been recognized for the first time after direct appeal. The only change in this area of law has been the *Zayas* case. Thus, if defendant's argument is not based on *Zayas*, it could have been made on direct appeal and is now barred. However, if it is based on *Zayas*, it is barred by that opinion. In either case, this argument cannot be pursued.

Reversed.

SPITZ and GREEN, JJ., concur.