THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
SHERMAN GIBSON, Defendant-Appellant.

Fourth District   No. 4—92—0273

Opinion filed April 29, 1993.

Daniel D. Yuhas and Jeffrey D. Foust, both of State Appellate Defender's Office, of Springfield, for appellant.

Donald M. Cadagin, State's Attorney, of Springfield (Norbert J. Goetten, Robert J. Biderman, and Denise M. Ambrose, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

On May 10, 1982, following a jury trial in the circuit court of Sangamon County, defendant Sherman Gibson was convicted of the offenses of home invasion, rape, deviate sexual assault, burglary, and felony theft. (Ill. Rev. Stat. 1981, ch. 38, pars. 12—11(a)(1), 11—1, 11—3, 19—1, 16—1(a)(1).) He was subsequently sentenced to concurrent terms of 45 years' imprisonment for home invasion, rape and deviate sexual assault and 7 years' imprisonment for burglary. This court affirmed his convictions and sentences on direct appeal. *People v. Gibson* (1983), 117 Ill. App. 3d 270, 452 N.E.2d 1368.

On December 22, 1989, defendant filed a *pro se* petition for post-conviction relief (Ill. Rev. Stat. 1989, ch. 38, pars. 122—1 through

122—8), alleging that (1) he was denied the effective assistance of counsel because he advised his attorney that Jeffrey Wilford could provide him with an alibi defense, and notwithstanding this information, counsel never contacted Wilford; and (2) the use of hypnotically refreshed testimony at trial violated principles of fundamental fairness, because such testimony was inherently unreliable and made cross-examination impossible. On March 12, 1991, the court appointed counsel to represent defendant.

On September 4, 1991, defendant's attorney, Jon Noll, filed an amended petition for post-conviction relief which incorporated the *pro se* petition and made substantially the same allegations as defendant had previously made. The amended petition added that (1) defendant's trial attorney knew Wilford was incarcerated in the Madison County jail at the time of defendant's trial and nevertheless failed to contact him; and (2) the use of the hypnotically induced recollection at trial deprived defendant of his constitutional right to cross-examine the witness.

Attached to the amended petition were affidavits of defendant and Wilford. Defendant's affidavit indicated he told his trial attorney about Wilford and that Wilford would have testified defendant was with him at Wilford's girlfriend's house on the night of the incident. He said his counsel told him he did not know how to obtain a witness subpoena. He also said his attorney knew Wilford was in another county jail at the time of defendant's trial. Wilford's affidavit indicated he would have testified that defendant was with him at Carolyn Madison's (his girlfriend's) home on the morning of June 13, 1981 (the date of the offenses), and defendant was asleep at 5:30 a.m. when Glenda Sue Medley and Allen Medley arrived at the house with credit cards belonging to the victims. He further stated that he and defendant spent the previous night and early morning hours together, defendant did not commit a home invasion or rape, and Wilford was never contacted by any attorney for defendant.

The State filed a motion to dismiss the amended petition, alleging that defense counsel's performance could not be characterized as constitutionally defective, and the admission of hypnotically refreshed testimony did not violate defendant's constitutional rights. On January 16, 1992, following a hearing on the petition, the court granted the motion to dismiss.

On appeal, defendant's contentions center upon his theory that his rights to confrontation and due process were violated by the admission of hypnotically induced testimony. However, he also contends that the petition set forth a violation of his sixth amendment right to ef-

fective assistance of counsel, because of his trial counsel's failure to subpoena an alibi witness. We hold that the first issue has been waived, but the petition did set forth sufficient allegations to require an evidentiary hearing on the question of ineffective assistance of counsel. We reverse and remand to the trial court with directions to hold an evidentiary hearing.

Defendant argues initially that the use of the victim's post-hypnosis testimony at trial violated his constitutional rights to confrontation and due process.

On direct appeal, defendant argued that the hypnotically enhanced testimony was inadmissible because (1) the prior hypnosis of the victim rendered her incompetent to testify to subjects inquired into under hypnosis; and (2) the witness' testimony should have been excluded because the hypnosis did not satisfy the safeguards for the admission of hypnotically enhanced testimony set out in *State v. Hurd* (1981), 86 N.J. 525, 432 A.2d 86. Defendant did not argue the admission of hypnotically enhanced testimony worked a denial of his constitutional rights to confrontation and due process. It is well settled that in evaluating post-conviction petitions, affirmance on direct appeal is *res judicata* as to all issues that were raised, or could have been raised, in that appeal. (*People v. Roberts* (1979), 75 Ill. 2d 1, 10, 387 N.E.2d 331, 335; *People v. Seidler* (1990), 203 Ill. App. 3d 666, 669, 561 N.E.2d 386, 388.) We conclude defendant could have raised this issue on direct appeal, and by failing to do so, has waived any right to present the issue in his post-conviction petition.

Moreover, notwithstanding that the issue has been waived, defendant may not challenge the introduction of this testimony based upon the Illinois Supreme Court's decision in *People v. Zayas* (1989), 131 Ill. 2d 284, 546 N.E.2d 513. There, the supreme court changed the law respecting the admission of hypnotically enhanced testimony, concluding it was inherently unreliable and, other than such testimony of the defendant, is not admissible in Illinois. (*Zayas*, 131 Ill. 2d at 295, 546 N.E.2d at 518.) However, the court specifically stated that this ruling would not affect those cases that have been finally determined on direct appeal.

In *People v. Smrekar* (1990), 193 Ill. App. 3d 534, 540, 550 N.E.2d 3, 7, *appeal denied* (1990), 132 Ill. 2d 553, 555 N.E.2d 384, this court refused the defendant's request to find that *Zayas* should be applied retroactively. This court concluded that *Zayas* was unambiguous in its holding that the ruling would have no retroactive effect on collateral attacks. We reaffirm that conclusion.

Although we are not reversing because of the introduction of hypnotically enhanced testimony, we conclude nevertheless that defendant has raised a sufficient question of error as to his claim that his trial counsel was ineffective for failing to subpoena an alibi witness.

In order to prevail under the Post-Conviction Hearing Act, a defendant "must establish a substantial deprivation of his rights under the United States Constitution or the Constitution of Illinois." (*People v. Caballero* (1989), 126 Ill. 2d 248, 259, 533 N.E.2d 1089, 1091; see also *People v. Spreitzer* (1991), 143 Ill. 2d 210, 218, 572 N.E.2d 931, 934.) A defendant is entitled to an evidentiary hearing on the petition if the allegations "are supported by the trial record, accompanying affidavits, and make a substantial showing that a defendant's rights have been violated." *Spreitzer*, 143 Ill. 2d at 218, 572 N.E.2d at 934.

The Supreme Court has determined that in order to establish the defendant was denied his constitutional right to effective assistance of counsel, he must show: (1) counsel's performance was deficient in that he made errors so serious that counsel was not functioning as "counsel" guaranteed by the sixth amendment; and (2) the deficient performance prejudiced the defense and deprived defendant of a fair trial. *Strickland v. Washington* (1984), 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064.

■ Assuming a defendant can show a deficiency of counsel, he must still demonstrate prejudice. Under *Strickland,* a defendant must show not only that his counsel's performance fell below the prevailing professional norms, but also that "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Strickland,* 466 U.S. at 695, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068-69.

Defendant cites *People v. Truly* (1992), 230 Ill. App. 3d 948, 595 N.E.2d 1230, where the defendant was granted a new trial based on a finding that his trial attorney had been ineffective for failing to investigate and subpoena alibi witnesses. He also cites *People v. Skinner* (1991), 220 Ill. App. 3d 479, 581 N.E.2d 252, where the appellate court held that Skinner was denied effective assistance of counsel, because his trial counsel failed to call as witnesses the defendant's parents, who would have corroborated Skinner's testimony. The court concluded that the failure to call witnesses who would support an otherwise uncorroborated defense amounted to ineffective assistance of counsel. *Skinner*, 220 Ill. App. 3d at 485, 581 N.E.2d at 256.

Traditionally, courts have not reviewed an attorney's choices when made on the basis of strategic considerations. However, these strate-

gic decisions may be made only after there has been a "thorough investigation of law and facts relevant to plausible options." *Strickland*, 466 U.S. at 690, 80 L. Ed. 2d at 695, 104 S. Ct. at 2066.

Here, on direct appeal, this court determined that although error occurred in the admission of the identification testimony of the victim, the admission of Glenda Medley's prior consistent statement to the police, and in the exclusion of a response to a question propounded to defendant's expert, the errors were harmless in light of the "overwhelming" evidence of defendant's guilt. Had defendant presented Wilford's alibi testimony, the evidence might not have been overwhelming.

Although defendant's trial attorney may have decided, as a matter of strategy, not to call Wilford because of his possible involvement in the incident, including his alleged use of the victims' credit cards, we cannot say as a matter of law that was the attorney's reasoning. It could, as defendant maintains, have been pure incompetence. Once evidence is heard on the subject, the circuit court will be in a better position to determine whether a *Strickland* deprivation of counsel occurred.

Accordingly, we reverse and remand for further proceedings.

Reversed and remanded.

KNECHT and COOK, JJ., concur.